| | |
|---|---|
| 1 | SHIRLI F. WEISS (SBN 79225) |
|   | shirli.weiss.@dlapiper.com |
| 2 | KATHERINE J. PAGE (SBN 259556) |
|   | katherine.page@dlapiper.com |
| 3 | **DLA PIPER LLP (US)** |
|   | 401 B Street, Suite 1700 |
| 4 | San Diego, CA 92101-4297 |
|   | Tel:   619.699.2700 |
| 5 | Fax:   619.699.2701 |
| 6 | KEARA M. GORDON (*pro hac vice* application to be filed) |
|   | keara.gordon@dlapiper.com |
| 7 | COLLEEN CAREY GULLIVER (*pro hac vice* application to be filed) |
|   | Colleen.gulliver@dlapiper.com |
| 8 | **DLA PIPER LLP (US)** |
|   | 1251 Avenue of the Americas |
| 9 | New York, NY 10020-1104 |
|   | Tel:   212.335.4500 |
| 10 | Fax:   212.335.4501 |
| 11 | Attorneys for Defendant |
|    | SOULCYCLE INC. |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MARKO CAVKA, individually and on behalf of all others similarly situated, | CASE NO. 8:16-cv-1821 |
| Plaintiffs, | **DEFENDANT SOULCYCLE INC.'S NOTICE OF REMOVAL AND REMOVAL OF ACTION** |
| v. | **[28 U.S.C. §§ 1332, 1441 and 1446]** |
| SOULCYCLE, INC., a Delaware corporation, and DOES 1 through 25, inclusive, | |
| Defendants. | Complaint Filed: August 26, 2016 |
| | Complaint Served: August 31, 2016 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, defendant SoulCycle Inc. ("SoulCycle") hereby removes the above-captioned action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California on the grounds set forth herein.

## I. INTRODUCTION

1. On or about August 26, 2016, plaintiff Marko Cavka ("Plaintiff") filed a Complaint for violation of (1) California Civil Code §§ 1812.80 *et seq.*, and (2) California Business and Professions Code §§ 17200 *et seq.*, in the Superior Court of the State of California for the County of Orange entitled "*Marko Cavka v. SoulCycle, Inc.*," Superior Court of the State of California, County of Orange, Case No. 30-2016-00871915-CU-AT-CXC (the "State Court Action"). A copy of the Complaint is attached to as Exhibit A.

2. On August 31, 2016, SoulCycle was served with the Complaint, together with a Summons, Civil Case Cover Sheet, Notice of Case Management Conference, ADR Program Information Package, and Expedited Jury Trial Information Sheet. (*See* Declaration of Shirli F. Weiss in Support of Notice of Removal ("Weiss Decl.") ¶ 2.) A copy of the Summons, Civil Case Cover Sheet, Notice of Case Management Conference, ADR Program Information Package, and Expedited Jury Trial Information Sheet served on SoulCycle is attached as Exhibit B.

3. On September 9, 2016, Plaintiff filed a Proof of Service of Summons in the State Court Action, a true and correct copy of which is attached as Exhibit C.

4. As discussed below, SoulCycle now seeks removal on the basis of jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 and 1711-15 ("CAFA") as (i) Plaintiff is a citizen of a different state than SoulCycle,

DEFENDANT SOULCYCLE INC.'S NOTICE OF REMOVAL AND REMOVAL OF ACTION

(ii) the number of potential putative class members is alleged to be at least 100; and (iii) accepting plaintiffs' allegations as true for purposes of this removal, the aggregate amount in controversy exceeds $5 million. Removal is timely and all other procedural requirements of 28 U.S.C. § 1446 are met. Finally, the Central District of California is the proper venue because the Superior Court of California for the County of Orange is located within it. Therefore, SoulCycle respectfully submits that this action is properly removed to this Court.

## II. THIS COURT HAS CAFA JURISDICTION.

5. This action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and is one that may be properly removed to this Court on the basis of CAFA jurisdiction, as more fully explained below.

### A. Minimal Diversity of Citizenship Exists.

6. Plaintiff is a citizen of the state of California as he avers in his Complaint: "PLAINTIFF is and, at all relevant times to this action, was an individual residing in the County of Orange, State of California." (*See* Ex. A, Compl., ¶ 4 (emphasis supplied).)

7. SoulCycle is a citizen of the states of Delaware and New York within the meaning of 28 U.S.C. § 1332(c)(1), because it is a corporation duly organized and validly existing under the laws of the state of Delaware, and at all material times has maintained its headquarters and principal places of business in the state of New York. (*See* Weiss Declaration, ¶ 5.) Plaintiff makes the following allegations concerning SoulCycle's citizenship in his Complaint: "SOULCYCLE is and, at all relevant times to this action, was a Delaware corporation . . . ." (*See* Ex. A, Compl., ¶ 5.)

8. Because Plaintiff is a citizen of a different state than SoulCycle, there is minimal diversity of citizenship between the parties.

**B.  The Number of Potential Class Members is Alleged To Be at Least 100**

9. Plaintiff has alleged that the potential putative class is comprised of more than 100,000 members: "While the exact number of class members is unknown to PLAINTIFF at this time, it is believed that the CLASS has in excess of 100,000 members." (*See* Ex. A, Compl., ¶ 24 (emphasis supplied).)

**C.  The Amount in Controversy, As Alleged, And Assuming the Allegations To Be True, Exceeds $5,000,000**

10. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (internal citations omitted). The amount in controversy can include compensatory damages, punitive damages, attorneys' fees, and the value of injunctive relief. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL 4931756, at *7 (N.D. Cal., Aug. 18, 2015).

11. While the Complaint does not specify an exact amount of damages, it is apparent from the factual allegations of the Complaint (the accuracy of which SoulCycle does not concede) that the amount in controversy, as alleged, exceeds $5,000,000. In the Complaint, Plaintiff has alleged causes of action for violation of (1) California Civil Code §§ 1812.80 *et seq.*, and (2) California Business and Professions Code §§ 17200 *et seq*. The Complaint's Prayer for Relief requests compensatory damages, restitution, disgorgement, triple damages, pre-judgment interest, punitive damages, attorneys' fees, injunctive relief, and other and further relief, at law or in equity. (*See* Ex. A, Compl., p. 11.)

12. Plaintiff alleges, among other things, that the class consists of at least 100,000 individuals who purchased a class or series of classes ranging in cost from

$20 to $4,000.  (*See* Ex. A, Compl., ¶¶ 20, 24, 9.)  Accepting the Plaintiff's allegations as true, (solely for removal purposes only and reserving all rights), if there are 100,000 class members seeking compensatory damages of the contract price (the minimum of which is alleged to be $20), and Plaintiff is seeking treble damages, the amount in controversy exceeds $5,000,000 (100,000 X $20 = $2,000,000 X 3 = $6,000,000).

13. As such, Plaintiff's claims, as alleged, meet the amount in controversy threshold of 28 U.S.C. § 1332(d)(2).

14. Therefore, CAFA jurisdiction exists pursuant to 28 U.S.C. § 1332(d)(2) because: (1) minimal diversity exists between the parties; (2) there are alleged to be at least 100 potential putative class members; and (3) the amount in controversy, as alleged, exceeds $5,000,000, exclusive of interest and costs.

## II. THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET.

15. The Notice of Removal is properly filed in the United States District Court for the Central District of California because the Superior Court of California for the County of Orange is located within the Central District of California.  Venue for the removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. Defendant has timely filed this Notice of Removal within 30 days of the date on which Defendant first received the Summons and Complaint.  *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6.

17. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

18. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibits B and C are copies of the summons, all process documents, pleadings (other than the Complaint which is Exhibit A) and orders served upon SoulCycle with respect to this action.

19. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy, along with a Notice to Clerk of


Removal, will be promptly filed with the Clerk of the Superior Court of California, for the County of Orange.

20. By virtue of this removal, SoulCycle does not waive its right to assert any personal jurisdictional defense or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

### III.  CONCLUSION

For the foregoing reasons, SoulCycle respectfully submits that this Court has CAFA jurisdiction to remove this action because (i) Plaintiff is a citizen of a state different from Defendant, (ii) there are alleged to be at least 100 potential putative class members; (iii) the aggregate amount in controversy, as alleged, exceeds $5,000,000 based upon the allegations of the Complaint, and (iv) the requirements of 28 U.S.C. § 1446 are met. For these reasons, this action is properly removed to this Court.

Dated: September 30, 2016

Respectfully submitted,

DLA PIPER LLP (US)

By  */s/ Shirli F. Weiss*
SHIRLI F. WEISS
KATHERINE J. PAGE
KEARA M. GORDON
COLLEEN CAREY GULLIVER

*Attorneys for Defendant*
SOULCYCLE INC.