1   NEWMEYER & DILLION LLP
    ROBERT K. SCOTT, CBN 67466
2   STEPHEN M. HAUPTMAN, CBN 226123
    895 Dove Street, 5th Floor
3   Newport Beach, California  92660
    (949) 854-7000; (949) 854-7099 (Fax)

4

    Attorneys for Plaintiff and the Proposed
5   Class

6

7

8                 UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

| | |
|---|---|
| 11   MARKO CAVKA, individually and on behalf of all other similarly situated, | CASE NO.:  8:16-cv-01821 JLS (KESx) |
| 12 | JUDGE:  JOSEPHINE L. STATON |
| 13                 Plaintiff, | MAGISTRATE:  KAREN E. SCOTT |
| 14   vs. | **PLAINTIFF'S AMENDED OPPOSITION TO MOTION TO DISMISS**[1] |
| 15   SOULCYCLE, INC., a Delaware corporation, and DOES 1-25, | Date:     January 27, 2017 |
| 16   inclusive, | Time:     2:30 p.m. |
| | Ctrm:     10A |
| 17                 Defendants. | FILE DATE:  August 26, 2016 |
| 18 | TRIAL DATE SET:  No Date Set |

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28

---

[1] Amended only to comport with Court's Initial Standing Order which provides that "[a]ll footnotes shall be in the same type size as text."

6568207.1

NEWMEYER & DILLION LLP

1

**TABLE OF CONTENTS**

Page

1.   INTRODUCTION ........................................................................................2

2.   PROCEDURAL AND FACTUAL BACKGROUND....................................3

3.   LEGAL STANDARD ..................................................................................4

4.   PLAINTIFF HAS PROPERLY PLED A CLAIM FOR RELIEF IN
     THE FAC FOR SOULCYCLE'S VIOLATIONS OF THE HSSCL..............6

     A.   SoulCycle is Subject to the HSSCL.......................................................6

     B.   The Allegations in the FAC are Sufficient to State a Claim for
          Relief Against SoulCycle.....................................................................7

5.   PLAINTIFF HAS STANDING TO ENFORCE THE HSSCL AND
     SEEK RELIEF FOR SOULCYCLE'S VIOLATIONS OF THE LAW.........9

     A.   Plaintiff's Allegations of Economic Injury in the FAC are
          Sufficient to Establish Standing as a Matter of Law...........................11

     B.   The Court Should Not Even Consider The Authorities Cited By
          SoulCycle in the Motion ....................................................................12

6.   CONCLUSION .........................................................................................15

NEWMEYER & DILLION LLP

- i -

# TABLE OF AUTHORITIES

**Page**

<u>Cases</u>

*Adelman v. Sparks Network, Ltd.*,
  2008 WL 2108667 ...................................................................................15

*American Zurich Ins. Co. v. Country Villa Serv. Corp.*,
  2015 WL 4163008 (2015) ........................................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955 (2007) ........................................................5

*Bowman v. Wilson*,
  672 F.2d 1145 (3d Cir. 1982) ..................................................................11

*Danvers Motor Co., Inc. v. Ford Motor Co.*,
  432 F.3d 286 (3d Cir. 2005) ....................................................................11

*Hart v. Massanari*,
  266 F.3d 1155 (9th Cir. 2001) .................................................................14

*Hishon v. King & Spalding*,
  467 U.S. 69, 104 S.Ct. 2229 (1984) ..........................................................5

*Jennifer Pickering v. 24 Hour Fitness USA, Inc.*,
  CGC-05-446492 ................................................................................13, 14

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 112 S.Ct. 2130 ..................................................................11

*Marino v. Countrywide Financial Corp.*,
  26 F.Supp.3d 955 (C.D. CA 2014) .........................................................4, 5

*Melino v. Equinox Fitness Club*,
  6 A.D.3d 171 ............................................................................................15

*Ogden Martin Systems, Inc. v. San Bernardino County*,
  932 F.2d 1284 (9th Cir. 1991) .................................................................14

*Polo v. Innoventions Intn'l, LLC*,
  833 F.3d 1193 (9th Cir. 2016) ...................................................................6

*Robbins v. Hyundai Motor America*,
  2014 WL 4723505 (C.D. CA 2014) ...........................................................5

*Ruiz v. Bally Total Fitness Holding Corp.*,
  447 F.Supp.2d 23 (D. Mass. 2006) .........................................................15

*Sanchez v. Wal-Mart Stores, Inc.*,
  2008 WL 3272101 (E.D. CA 2008) .........................................................12

- i -

NEWMEYER & DILLION LLP

<strong>TABLE OF AUTHORITIES</strong><br/>(continued)

<strong>Page</strong>

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011)................................................................5

*Troyk v. Farmers Group, Inc.*,
    171 Cal.App.4th 1305, 90 Cal.Rptr.3d 589.........................................11

*Wendt v. 24 Hour Fitness USA, Inc.*,
    2015 WL 1344819 (N.D. Tex. 2015)...................................................15

<u>Statutes</u>

California Business & Professions Code §§ 17200....................................12

California Civil Code §§ 1812.80.....................................................2, 6, 9

California Civil Code § 1812.82...........................................2, 4, 7, 8, 13

California Civil Code § 1812.84(b)............................................................12

California Civil Code § 1812.85(b)(1) ......................................................8

California Civil Code § 1812.89.................................................................12

California Civil Code §§ 1812.91...............................................................10

California Civil Code § 1812.93..................................................................9

California Civil Code § 1812.94(a).............................................................9

<u>Rules</u>

Federal Rule of Civil Procedure 12(b)(1).............................................5, 13

Federal Rule of Civil Procedure 12(b)(6)..........................................4, 5, 13

Federal Rule of Civil Procedure 15(a)(2) .................................................6

NEWMEYER & DILLION LLP

Plaintiff Marko Cavka ("Plaintiff") hereby opposes the Motion to Dismiss (the "Motion") of Defendant SoulCycle, Inc. ("SoulCycle"), and in support hereof Plaintiff states as follows:

## 1.   INTRODUCTION.

In its Motion, SoulCycle contends that it should be allowed to violate California's Health Studio Services Contract Law[2] (the "HSSCL") with impunity, and that neither Plaintiff nor any other California consumer has the right to enforce this California law or seek relief for its violations.  Plaintiff, on behalf of himself and all other California consumers who have fallen victim to SoulCycle's illegal and deceitful business practices, respectfully requests that this Court deny SoulCycle's Motion and refrain from rendering such a drastic ruling.

There can be no reasonable dispute that SoulCycle, "a rapidly growing fitness company that primarily sells indoor group cycling classes,"[3] is subject to and bound by the HSSCL.[4]  As alleged in Plaintiff's first amended complaint (the "FAC"), SoulCycle accepted and retained payment from Plaintiff, as well as more than 100,000 other California consumers, pursuant to its unlawful contracting practices, which constitute clear violations of the law.  Such illegal practices include, but are not limited to, failing to even provide Plaintiff with an actual, complete copy of his contract, as well as failing to include or reference certain statutorily required disclosures and terms within the contract.

SoulCycle argues in the Motion that its violations of the HSSCL are only "technical violations," as that should somehow limit or preclude its liability, and,

---

[2] California Civil Code §§ 1812.80 et seq.

[3] Motion p.1.

[4] "As used in this title, 'contract for health studio services' means a contract for instruction, training or assistance in physical culture, body building, exercising, reducing, figure development, or any other such physical skill, or for the use by an individual patron of the facilities of a health studio, gymnasium or other facility used for any of the above purposes…"  Cal. Civ. Code § 1812.82.)

NEWMEYER & DILLION LLP

1  notwithstanding, that neither Plaintiff nor any other California consumer who paid

2  money to SoulCycle pursuant to its illegal business practices has standing to seek

3  relief for its violations of the law.  This is simply not the law and Plaintiff has

4  standing to seek relief for SoulCycle's numerous violations of the HSSCL.  Not

5  surprisingly, SoulCycle does not (and is unable to) cite to any controlling or

6  persuasive authority in support of its arguments in the Motion.  Rather, the entirety

7  of SoulCycle's Motion is based upon authorities that are from jurisdictions other

8  than California, premised upon laws other than the HSSCL and/or simply not

9  controlling on this Court.

10      If this Court were to rule in SoulCycle's favor on the Motion, it would in

11  essence be holding that no California consumer is able to enforce the mandates of

12  the HSSCL or seek relief for clear violations of this law.  This was not the intent of

13  the California Legislature in enacting the HSSCL, and SoulCycle must therefore be

14  held responsible for its violations of the law and found liable for the damages

15  resulting to Plaintiff and all other California consumers from such violations.

16      Plaintiff, on behalf of himself and all of the putative class members, therefore

17  respectfully requests that the Court deny the Motion.

18  **2.      PROCEDURAL AND FACTUAL BACKGROUND.**

19      On August 26, 2016, Plaintiff filed this class action lawsuit in the Superior

20  Court of California.  On September 30, 2016, the action was removed by SoulCycle

21  to this Court.  SoulCycle moved to dismiss Plaintiff's initial complaint on or about

22  October 21, 2016.  In an effort to avoid the time and expense involved with a

23  hearing on SoulCycle's motion to dismiss, Plaintiff and SoulCycle entered into a

24  stipulation whereby SoulCycle agreed to withdraw its motion to dismiss and

25  Plaintiff agreed to file an amended complaint.  The FAC was thereafter filed on

26  November 14, 2016, and SoulCycle filed the Motion on December 16, 2016.

27      As alleged in Plaintiff's FAC:

28      • SoulCycle operates indoor cycling studios where contracts for indoor

- 3 -

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

NEWMEYER & DILLION LLP

biking classes are offered to California customers, and SoulCycle is therefore a "health studio" entering into contracts with customers for "health studio services," as such terms are defined in the HSSCL.  (FAC ¶ 9.)

- Plaintiff entered into a contract with SoulCycle for health studio services, pursuant to which Plaintiff issued payment to SoulCycle in the amount of $30.00.  (FAC ¶ 21.)
- The contract, as well as the contracting process, between Plaintiff and SoulCycle violates numerous provisions of the HSSCL.  (FAC ¶¶ 18-25.)
- One of the many violations of the HSSCL committed by SoulCycle was its failure to give or deliver to Plaintiff "a complete copy of the written contract" at the time the contract was signed by Plaintiff, as specifically required by California Civil Code § 1812.82.  (FAC ¶ 18(a).)
- As a result of such violations, Plaintiff was never given a complete copy of his contract with SoulCycle or made aware of his statutory and legal rights as required by the HSSCL, and SoulCycle thus illegally received and retained Plaintiff's contract payment.  (FAC ¶¶ 18-25.)
- Plaintiff was also unable to reserve a class at one of SoulCycle's stores within 30 days of entering into the contract and was therefore required to illegally forfeit his contract payment.  (FAC ¶ 25.)
- More than 100,000 California consumers, on whose behalf Plaintiff also asserts the claims herein, have also fallen victim to SoulCycle's unlawful business practices and numerous violations of the HSSCL.  (FAC ¶¶ 26-43.)

3.   **LEGAL STANDARD.**

"When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party." *Marino v. Countrywide Financial Corp.*, 26 F.Supp.3d 955, 960 (C.D. CA 2014).)  "Dismissal of a complaint for failure to state a claim is not

6568207.1                                    - 4 -

1   proper where a plaintiff has alleged 'enough facts to state a claim to relief that is
2   plausible on its face.'" (*Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570,
3   127 S.Ct. 1955 (2007)); see also *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104
4   S.Ct. 2229 (1984) ("A court may dismiss a complaint only if it is clear that no relief
5   could be granted under any set of facts that could be proved consistent with the
6   allegations.").)

7       "A complaint must (1) 'contain sufficient allegations of underlying facts to
8   give fair notice and to enable the opposing party to defend itself effectively,' and
9   (2) 'plausibly suggest an entitlement to relief, such that it is not unfair to require the
10  opposing party to be subjected to the expense of discovery and continued
11  litigation.'" (*Robbins v. Hyundai Motor America*, 2014 WL 4723505 at *2 (C.D.
12  CA 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).)

13      "When a motion is made pursuant to Rule 12(b)(1), the plaintiff has the
14  burden of proving that the court has subject matter jurisdiction." (*Marino v.
15  Countrywide Financial Corp.*, 26 F.Supp.3d 955, 959 (C.D. CA 2014).) "For the
16  court to exercise subject matter jurisdiction, a plaintiff must show that he or she has
17  Article III standing." (*Id.*) "Article III sets forth the constitutional limitations on
18  standing, requiring a plaintiff to establish (1) injury in fact, (2) causation, and (3)
19  redressability." (*Id.* at 960.)

20      Accepting all allegations of material fact in the FAC as true, and construing
21  all inferences in the light most favorable to Plaintiff, the FAC avers more than
22  "enough facts to state a claim to relief that is plausible on its face." Plaintiff's
23  allegations are sufficient to give fair notice and enable SoulCycle to defend itself in
24  this action, and also to establish Plaintiff's entitlement to relief such that it is not
25  unfair to require SoulCycle to participate in this litigation. Furthermore, and as
26  explained in detail below, Plaintiff has standing as a matter of California law and
27  pursuant to Article III to pursue his claims against SoulCycle in this action.

28      Accordingly, dismissal of the FAC pursuant to Rule 12(b)(1) or 12(b)(6)

NEWMEYER & DILLION LLP

1  would not be proper, and Plaintiff therefore respectfully requests that this Court

2  deny SoulCycle's Motion.  In the alternative, if the Court is inclined to grant the

3  Motion, Plaintiff respectfully requests that the Court grant him leave to amend

4  and/or remand to the Superior Court of California.  (Fed. R. Civ. Proc 15(a)(2)

5  ("The court should freely give leave when justice so requires."); (*Polo v.*

6  *Innoventions Intn'l, LLC,* 833 F.3d 1193, 1196 (9th Cir. 2016) (if it appears that the

7  district court lacks subject matter jurisdiction, the case shall be remanded).)

8  **4.   PLAINTIFF HAS PROPERLY PLED A CLAIM FOR RELIEF IN THE**

9  **FAC FOR SOULCYCLE'S VIOLATIONS OF THE HSSCL.**

10  **A.   SoulCycle is Subject to the HSSCL.**

11  At the outset, there should be no dispute that SoulCycle is a "health studio"

12  entering into "contracts for health studio services" with California customers, as

13  those terms are clearly defined in the HSSCL.  (See fn. 4 above.)  Not only does

14  Plaintiff allege facts in the FAC sufficient to establish that SoulCycle is bound by

15  the HSSCL (see, e.g., FAC ¶¶ 5, 9), SoulCycle even admits facts in the Motion that

16  establish its obligation to comply with the provisions of the HSSCL.  (See, e.g.,

17  Motion p. 1 ("SoulCycle…is a rapidly growing company that primarily sells indoor

18  group cycling classes…").).)

19  In support of SoulCycle's bizarre argument that it is not even bound by the

20  HSSCL, SoulCycle references part of the legislative history of the HSSCL and,

21  further, mentions only one of the myriad issues that the California Legislature

22  intended to protect its citizens against with this legislation.  (See Motion p.7, fn. 3.)

23  While it is true that the legislative history can be informative of the lawmakers'

24  intent, it is no surprise that SoulCycle ignores the actual statutory text of the

25  HSSCL where the Legislature's intent is otherwise expressly stated.  As provided in

26  California Civil Code § 1812.80(b):

27  **"The Legislature declares that the purpose of this title** is to
**safeguard the public against fraud, deceit, imposition and**

28  **financial hardship**, and to **foster and encourage competition, fair**

6568207.1                                            - 6 -

NEWMEYER & DILLION LLP

NEWMEYER & DILLION LLP

1  **dealing, and prosperity in the field of health studio services** by
2  **prohibiting or restricting false or misleading advertising, onerous**
   **contract terms, harmful financial practices, and other unfair,**
3  **dishonest, deceptive, destructive, unscrupulous, fraudulent, and**
   **discriminatory practices** by which the public has been injured **in**
4  **connection with contracts for health studio services.**" (Emphasis
   added.)

5  It follows that SoulCycle is bound by the HSSCL, and Plaintiff has alleged

6  facts in the FAC sufficient to establish this underlying premise of the lawsuit.

7  Moreover, the Court should find that Plaintiff has properly and sufficiently pled

8  facts in the FAC supporting SoulCycle's clear violations of this law.

9    **B.    The Allegations in the FAC are Sufficient to State a Claim for**

10        **Relief Against SoulCycle.**

11  The primary violation of the HSSCL committed by SoulCycle was its failure

12  to actually provide Plaintiff, as well as all of its California customers, a complete,

13  written copy of the contract at the time the contract was formed. (FAC ¶ 18(a).)

14  Pursuant to California Civil Code § 1812.82, "[e]very contract for health studio

15  services shall be in writing and shall be subject to the provisions of this title.  A

16  copy of the written contract shall be **physically** given to or **delivered by email to**

17  the customer at the time he **or she** signs the contract." (New language in bold.)

18  Plaintiff alleges in the FAC that the only conceivable written documents

19  made available to him when he entered into the contract with SoulCycle were the

20  "Terms and Conditions" page from SoulCycle's website, which was hyperlinked to

21  the page where Plaintiff entered his payment information, and the "Rider Receipt"

22  that was e-mailed to Plaintiff after the contract was formed. (FAC ¶¶ 13, 14, 18(a),

23  22.)  Plaintiff also attached copies of such documents as Exhibit A ("Terms and

24  Conditions") and Exhibit B ("Rider Receipt") to the FAC.

25  As the Court can ascertain for itself from just a plain reading of such

26  documents, they fall short of constituting a "copy of the written contract" between

27  SoulCycle and Plaintiff.  The Court need only look at the first line of the "Terms

28  and Conditions" page to determine that it does not even apply to the contractual

6568207.1                                    - 7 -

relationship between SoulCycle and Plaintiff (i.e., **"This policy governs your use of the SoulCycle Website (the "Website") and the SoulCycle Mobile Application (the "App").**").  Further, the "Rider Receipt" merely identifies Plaintiff's payment amount and method, in addition to providing misleading and illegal representations as to Plaintiff's rights to cancel the contract, which constitute yet further violations of the HSSCL by SoulCycle.  ("**\*We're sorry, at this time we cannot do returns or exchanges.**")[5]

SoulCycle's incredible position in response to the allegations in the FAC that it violated the HSSCL is that the material and legally required terms of its contract with Plaintiff can be found at different locations on its website and that Plaintiff "could have (located and) printed" such information at the time he entered into a contract with SoulCycle.  (See Motion p. 8.)  SoulCycle makes this contention notwithstanding one of the HSSCL's express requirements that the contract be "physically given" or "delivered by email to" the customer.  (Cal. Civil Code § 1812.82.)  For example, SoulCycle contends that material terms of its contract with Plaintiff are provided in the "Frequently Asked Questions" section of its website. (Motion p. 8.)

SoulCycle's admitted business practice of hiding material and legally required contractual terms at different locations on its website instead of actually providing its customers with an actual "copy of the written contract" is not only a clear violation of the express requirements of the HSSCL, it is also in direct contradiction of the Legislative intent of these laws – e.g., to safeguard the public

---

[5] "Every contract for health studio services shall, in addition, contain on its face, and in close proximity to the space reserved for the signature of the buyer, a conspicuous statement in a size equal to at least 10-point boldface type, as follows: 'You, the buyer, may **choose to** cancel this agreement at any time prior to midnight of the fifth business day of the health studio after the date of this agreement, excluding Sundays and holidays.  To cancel this agreement, mail, **email,** or deliver a signed and dated notice [1] **that** states that you, the buyer, are canceling this agreement, or words of similar effect'..." (California Civil Code § 1812.85(b)(1) (new language in bold).)

6568207.1

- 8 -

NEWMEYER & DILLION LLP

against fraud and deceit and prohibit unfair and deceptive practices.  SoulCycle cites to no legal authority (nor can it) suggesting that information located on a website, including the "FAQs" section, could ever constitute an actual contract, or even amount to the material terms of a contract, between a company and its customer.   Notwithstanding SoulCycle's outrageous contentions in this regard, Plaintiff nevertheless disputes that all of the material and legally required terms of the contract can even be found at these various locations of the website, as claimed by SoulCycle in its Motion.

The statutory language of the HSSCL is plain and unambiguous, and the allegations of the FAC constitute a claim for SoulCycle's numerous violations of this law.  Accordingly, the Court should deny SoulCycle's motion to dismiss Plaintiff's claims under the HSSCL for failure to state a claim.[6]

5. **PLAINTIFF HAS STANDING TO ENFORCE THE HSSCL AND SEEK RELIEF FOR SOULCYCLE'S VIOLATIONS OF THE LAW.**

As explained above, the purpose of the HSSCL is "to safeguard the public" from illegal and deceitful business practices "by which the public has been injured in connection with contracts for health studio services."  (Cal. Civil Code § 1812.80(b).)  Accordingly, "[a]ny buyer injured by a violation of [the HSSCL] may bring an action for the recovery of damages."  (Cal. Civil Code § 1812.94(a).)  In the present case, Plaintiff has not only alleged facts supporting his individual injuries resulting from SoulCycle's violations of the HSSCL, but he has also identified injuries sustained by "the public" in general – i.e., all of SoulCycle's

---

[6] SoulCycle also suggests in the Motion that Plaintiff has failed to state a claim for violation of California Civil Code § 1812.93, which provides: "Any waiver of the buyer of the provisions of this title shall be deemed contrary to public policy and shall be void and unenforceable."  However, in the FAC, Plaintiff alleges that, pursuant to its contracts, SoulCycle requires its customers to execute waivers that are in violation of the HSSCL, and also attaches a copy of the "New Rider Waiver Form" as Exhibit C to the FAC.  (FAC ¶ 18(d).)  Accordingly, Plaintiff has stated a claim for SoulCycle's violation of this provision of the HSSCL, and SoulCycle's contentions to the contrary must fail.

6568207.1                                    - 9 -

Newmeyer & Dillion LLP

California customers – as result of its unlawful and deceitful business practices.  As such, Plaintiff has standing under both California law and Article III.

By committing numerous violations of the HSSCL, including, but not limited to, failing to give or deliver to Plaintiff an actual, complete copy of his contract, SoulCycle's contract is "void and unenforceable."  (See Cal. Civil Code §§ 1812.91 ("Any contract for health studio services which does not comply with the applicable provisions of this title shall be void and unenforceable as contrary to public policy.")  As such, and as explained further below, at the point in time that Plaintiff, or any other California customer, made payment to SoulCycle pursuant to its unlawful and deceitful contracting practices, he was injured as a matter of law.

Additionally, "by setting onerous and illegal time periods on contracts with its customers, and failing to properly identify such time periods in those contracts or advise its customers of their statutory rights to cancel such contracts [as required by the HSSCL], SoulCycle ensures the contracts will expire and SoulCycle unlawfully retains forfeited contract payments from its customers."  (FAC ¶ 20.)  That exact scenario, i.e., SoulCycle's failure to properly identify the contract term or advise Plaintiff of his legal rights to cancel the contract, occurred in the present case, and Plaintiff was forced to forfeit his contract payment of $30.00, which was otherwise illegally received and retained by SoulCycle.

SoulCycle contends in the Motion, however, that Plaintiff lacks standing "because he has not suffered an injury that is causally related to SoulCycle's purported statutory violations."  (Motion p. 11.)  On the contrary, as explained above, Plaintiff has alleged facts sufficient to establish that his specific injuries, as well as the injuries to the public in general, are causally related to SoulCycle's violations of the HSSCL.[7]  Moreover, Plaintiff alleges that he, as well as all of

---

[7] SoulCycle also suggests that Plaintiff did not suffer any injuries because he purportedly received "exactly what he paid for."  (Motion p. 14.)  However, SoulCycle ignores (and for obvious reason) that Plaintiff was "paying for" a contract with SoulCycle, and SoulCycle failed to even provide him with a copy of

1   SoulCycle's California customers, sustained direct economic or monetary injury as

2   a result of SoulCycle's violations of the law.[8]

3   **A.    Plaintiff's Allegations of Economic Injury in the FAC are**

4   **Sufficient to Establish Standing as a Matter of Law.**

5   It is well settled that "[s]tanding under Article III is limited to those plaintiffs

6   that have suffered an 'injury in fact'-an invasion of a legally protected interest

7   which is: (1) concrete and particularized; and (2) actual or imminent, not

8   conjectural or hypothetical." (*Sanchez v. Wal-Mart Stores, Inc.*, 2008 WL 3272101

9   *2 (E.D. CA 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61,

10  112 S.Ct. 2130).)  However, as the then-Circuit Judge, Samuel A. Alito, Jr.,

11  explained in *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286 (3d Cir.

12  2005): "Injury-in-fact is not Mount Everest. [Citation.] ('The contours of the injury-

13  in-fact requirement, while not precisely defined, are very generous,' requiring only

14  that claimant 'allege [] some specific, 'identifiable trifle' of injury')." (*Id.* at p. 293

15  (citing *Bowman v. Wilson*, 672 F.2d 1145, 1151 (3d Cir. 1982).)

16  "While it is difficult to reduce injury-in-fact to a simple formula, economic

17  injury is one of its paradigmatic forms." (*Danvers, supra,* 432 F.3d at p. 291.)  "An

18  injury to tangible property, such as money, generally satisfies the 'injury in fact'

19  element for standing." (*Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305,

20  1346, 90 Cal.Rptr.3d 589.)  Moreover, "[m]onetary harm is a classic form of injury-

21  in-fact.  Indeed, it is often assumed without discussion." (*Danvers*, *supra*, 432

22  F.3d at p. 293; see also *Sanchez, supra,* 2008 WL 3272101 at *2 ("To have

23  standing to assert a claim…the plaintiff must have spent money, lost money or

24

25  that contract, or otherwise identify all of the material terms of the contract, as
    expressly required by the HSSCL.

26

27  [8] In its "Notice of Removal and Removal of Action," filed with this Court on
    September 30, 2016, Document 1, SoulCycle even acknowledges that this Court
    has jurisdiction over this matter and that the "amount in controversy, as alleged"

28  exceeds $5,000,000.  (pp. 4-5.)

6568207.1                              - 11 -

NEWMEYER & DILLION LLP

1   property, or been denied money to which he or she was entitled, due to unfair

2   business practices.") [referring to California's Unfair Competition Law, which

3   violations are also alleged by Plaintiff in the FAC].)  As the court in *Sanchez*

4   further explained: "To have standing…[the plaintiff] need only demonstrate that

5   she spent or lost money due to an unfair business practice." (*Sanchez, supra,* 2008

6   WL 3272101 at *3.)

7        Accordingly, as alleged in the FAC, Plaintiff has sustained economic injury

8   as a result of SoulCycle's violations of the HSSCL, and he has thus satisfied the

9   injury-in-fact requirement of Article III.[9]  Plaintiff therefore has standing to assert

10  his claims against SoulCycle for its violations of the HSSCL in this action.[10]

11  **B.**   **The Court Should Not Even Consider The Authorities Cited By**

12         **SoulCycle in the Motion.**

13       As indicated (and rebutted) above, SoulCycle argues in the Motion that

14  neither Plaintiff nor any of its other California customers has standing under the

15  California law or Article III to assert claims for its clear violations of the HSSCL.

16  In support of this hollow contention, SoulCycle admits, and it is not a surprise, that

17  it can point to no controlling or applicable legal authority for this Court's

18  consideration.  (See Motion p. 3, fn. 1.)  Instead, SoulCycle's standing argument is

---

[9] Since Plaintiff has standing as a matter of law, as explained herein, SoulCycle's additional contentions in the Motion on the issue of standing are therefore moot. (See, generally, Motion pp. 11-18.)  Notwithstanding, Plaintiff briefly responds to several of SoulCycle's further contentions in the Motion as follows: (1) there is no requirement, in the HSSCL or otherwise, that Plaintiff contact SoulCycle in order to obtain a refund or request that SoulCycle cure its violations of the law; (2) the required disclosures of the contract term are irrespective of a customer's subjective awareness, and the absence of an allegation that Plaintiff was not aware of the term does not excuse SoulCycle's violation of this requirement (Cal. Civil Code § 1812.84(b)); and (3) Plaintiff need not allege that he was disabled to establish SoulCycle's violation of the HSSCL for failing to include language regarding disability rights, and, in the context of the HSSCL, "disability" simply means "a condition which precludes the buyer from physically using the facilities and the condition is verified by a physician" (Cal. Civil Code § 1812.89).

[10] It follows that Plaintiff also has standing to assert his claims in the FAC for SoulCycle's violations of California's Unfair Competition Law (Cal. Business & Professions Code §§ 17200 et seq.) and for injunctive relief.

NEWMEYER & DILLION LLP

premised on an unpublished "Statement of Decision" from a California trial court, as well as on non-binding (and distinguishable) caselaw from jurisdictions other than California and/or interpreting or applying laws other than the HSSCL.

Almost the entirety of SoulCycle's Motion is premised upon an unpublished "Statement of Decision" from the California Superior Court case of *Jennifer Pickering v. 24 Hour Fitness USA, Inc., et al.*, Case No. CGC-05-446492 ("*Pickering*"). The trial court's decision in *Pickering* was entered after a trial on the merits, where there was a "presentation of evidence, briefing by the parties, and oral argument" and the court also considered deposition testimony of the plaintiff. (*Pickering* pp. 1-2.) As such, the procedural posture of *Pickering* limits any persuasive value its "Statement of Decision" would otherwise provide in support of SoulCycle's Motion, which, as this Court is aware, is a motion to dismiss a complaint under Rule 12(b)(6) and 12(b)(1).[11]

The actual facts involved in the *Pickering* case also critically distinguish it from the present case, and further remove any persuasive value that the "Statement of Decision" should have on this Court. In *Pickering*, the issue of whether the plaintiff was actually given a copy of the contract with the health studio ***was not even before the court***. However, in the present case, SoulCycle's failure to physically give or deliver a copy of the contract to Plaintiff, as expressly required by California Civil Code § 1812.82, is one of the primary, if not the most critical, allegations supporting SoulCycle's violations of the HSSCL. (Compare *Pickering* p. 3 ("The core allegations of the Fifth Amended Complaint…is that the expiration and non-refundability provisions in the [Fitness Service Agreement] are unlawful.").) While the plaintiff in *Pickering* did assert similar violations to the

---

[11] SoulCycle routinely, and inaccurately, suggests in the Motion that the "Statement of Decision" in *Pickering* was entered pursuant to a motion to dismiss. (See, e.g., Motion p. 11 ("The Court dismissed the complaint…").) However, as explained above, the *Pickering* decision was made after a trial on the merits, where testimony of the plaintiff and other evidence was received by the Court. (*Pickering* pp. 1-2.)

NEWMEYER & DILLION LLP

ones committed by SoulCycle in the present matter, the most critical and

fundamental allegation in this case was not one that was even before the court.

Notwithstanding these critical factual distinctions between *Pickering* and the

present case, as a matter of law, this Court need not even consider the "Statement of

Decision" in conjunction with SoulCycle's Motion.  As explained in *Ogden Martin*

*Systems, Inc. v. San Bernardino County*, 932 F.2d 1284, 1288-89 (9th Cir. 1991):

> "When reviewing issues of state law, we are 'bound to follow the decisions of a state's highest court in interpreting that state's law.'  If no ruling exists from the highest court of the state, we must follow intermediate appellate decisions unless 'convinced by other persuasive data that the highest court of the state would decide otherwise.'  We are less strictly compelled to follow intermediate appellate decisions when those decisions have not been appealed to the state's highest court."  (Internal citations omitted).

*Pickering* is not a decision of California's highest court.  It is not even an

"intermediate appellate decision."  Rather, it is a statement of a decision of a trial

court after the trial of a case that is critically and factually distinguishable from the

case currently before this Court.[12]  As such, this Court should refuse to consider

*Pickering* as persuasive or controlling authority in the present matter.  (See also

*Hart v. Massanari*, 266 F.3d 1155, 1179 (9th Cir. 2001) ("The common law has

long recognized that certain types of cases do not deserve to be authorities, and that

one important aspect of the judicial function is to separate the cases that should be

precedent from those that should not.").)

SoulCycle cites to the case of *American Zurich Ins. Co. v. Country Villa*

*Serv. Corp.*, 2015 WL 4163008 (2015), to suggest that, notwithstanding the above

well-settled and well-reasoned law, this Court should nevertheless consider

*Pickering* in support of its Motion.  (Motion p. 3, fn. 1.)  However, that particular

authority is also distinguishable since, among other things, the district court in that

case was required to determine the precedential value of an *unpublished California*

---

[12] Furthermore, and as explained in Section V(a) above, Plaintiff would contend that the court in *Pickering* misinterpreted and/or misapplied California law in finding that the plaintiff in that case lacked standing under the HSSCL.

6568207.1

- 14 -

NEWMEYER & DILLION LLP

1    *appellate opinion*, not an unpublished "Statement of Decision" from a trial court.

2        In further support of its Motion, SoulCycle also cites to numerous cases

3 based upon specific health studio legislation from jurisdictions other than California

4 (i.e., not the HSSCL).  (See, e.g., *Wendt v. 24 Hour Fitness USA, Inc.*, 2015 WL

5 1344819 (N.D. Tex. 2015) (Texas' Health Spa Act); *Ruiz v. Bally Total Fitness*

6 *Holding Corp.*, 447 F.Supp.2d 23 (D. Mass. 2006) (Massachusetts' Health Club

7 Services Contracts Act); *Melino v. Equinox Fitness Club*, 6 A.D.3d 171, N.Y.S.2d 2

8 (2004) (New York's Health Club Services Law).)  These cases, based on law from

9 states other than California, should have no persuasive or controlling impact on this

10 Court's application of the HSSCL in this case.[13]  Moreover, once again, these

11 authorities are factually and procedurally distinguishable in that not one of them

12 involves the primary violation committed by SoulCycle (i.e., failing to provide a

13 copy of the actual contract to Plaintiff) and all of the opinions were issued after a

14 trial and/or the court's receipt and consideration of evidence and testimony.

15        Considering all of the consumer protection laws in California, and the ocean

16 of caselaw applying and interpreting such laws, it is telling that the majority of the

17 authorities cited in SoulCycle's Motion are from jurisdictions other than

18 California.[14]  Regardless, such authorities are not persuasive and not controlling

19 and, for the reasons explained above, the Court should deny the Motion.

20 **6.**    **CONCLUSION.**

21        Based upon the foregoing, Plaintiff respectfully requests that the Court deny

22 the Motion.  In the alternative, if the Court is inclined to grant the Motion, Plaintiff

---

[13] In this regard, SoulCycle also incorrectly contends in the Motion that this case is "nationwide class action."  (Motion p. 1.)  However, as clearly identified in Plaintiff's FAC, "…[SoulCycle] is liable for the events and violations alleged herein and has proximately caused damages to [Plaintiff] and other California residents as a result of their violations of [the HSSCL]…" (FAC ¶ 1.)

[14] While SoulCycle does cite to the California case *Adelman v. Sparks Network, Ltd.*, 2008 WL 2108667 in its Motion, that authority is also unpersuasive and not controlling.  *Adelman* concerns entirely different legislation than the HSSCL, was unpublished, is "nonciteable" and was decided after a trial on the merits.

NEWMEYER & DILLION LLP

1 | respectfully requests that he be granted leave to amend and/or that this matter be

2 | remanded to the Superior Court of California.

3 | Dated:  January 9, 2017                    NEWMEYER & DILLION LLP

4

5 |                                            By:

6 |                                                Robert K. Scott
                                                   Stephen M. Hauptman
7 |                                                Attorneys for Plaintiff and the
                                                   Proposed Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6568207.1                                      - 16 -

1

## PROOF OF SERVICE

2

*Marko Cavka v. Soulcycle, Inc.*
USDC - Central District – Southern Division Case No. 8:16-cv-01821 JLS (KESx)

3

STATE OF CALIFORNIA          )

4
                             )  ss.

COUNTY OF ORANGE             )

5

6

I, <u>Maureen Gledhill</u>, hereby certify that:

7

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 895 Dove Street, Fifth Floor, Newport Beach, CA 92660. On January 9, 2017, I served a copy of the within document(s):

8

9

## PLAINTIFF'S AMENDED OPPOSITION TO MOTION TO DISMISS

10

11

☐   (VIA OVERNIGHT) by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS OVERNITE agent for delivery.

12

13

☒   (VIA CM/ECF SYSTEM – NOTICE OF ELECTRONIC FILING "NEF") I certify that on the date referenced above, I electronically transmitted the document(s) listed for submission to the United States District Court Central District, using the ECF registrants/recipients registered with the United States District Court Central District at the e-mail address(es) set forth below.

14

15

16

☐   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

17

18

### *Please see attached service list.*

19

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

22

I declare that I am a member of the bar of this court at whose direction the service was made. Executed on January 9, 2017, at Newport Beach, California.

23

24

Maureen Gledhill

25

26

27

28

6366178.1

NEWMEYER & DILLION LLP

**SERVICE LIST**

*Marko Cavka v. Soulcycle, Inc.*
USDC - Central District – Southern Division Case No. 8:16-cv-01821 JLS (KESx)

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Shirli F. Weiss, Esq.<br>Katherine J. Page, Esq.<br>DLA PIPER LLP (US)<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297 | Tel:  (619) 699-2700<br>Fax:  (619) 699-2701<br>Shirli.weiss@dlapiper.com<br>Katherine.page@dlapiper.com<br>**[SOULCYCLE, INC.]** |
| 6 | Keara M. Gordon, Esq.<br>(pro hac vice application to be filed)<br>Colleen Carey Gulliver, Esq.<br>(pro hac vice application to be filed)<br>DLA PIPER LLP (US)<br>1251 Avenue of the Americas<br>New York, NY 10020-1104 | Tel:  (212) 335-4500<br>Fax:  (212) 335-4501<br>Keara.gordon@dlapiper.com<br>Colleen.gulliver@dlapiper.com<br>**[CO-COUNSEL FOR SOULCYCLE, INC.]** |

NEWMEYER & DILLION LLP

6366178.1

- 2 -