SHIRLI F. WEISS (Bar No. 79225)
shirli.weiss@dlapiper.com
KATHERINE J. PAGE (Bar No. 259556)
katherine.page@dlapiper.com
**DLA PIPER LLP (US)**
550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678
Tel: 213.330.7700
Fax: 213.330.7701

KEARA M. GORDON *(pro hac vice)*
keara.gordon@dlapiper.com
COLLEEN CAREY GULLIVER *(pro hac vice)*
colleen.gulliver@dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Tel: 212.335.4500
Fax: 212.335.4501

Attorneys for Defendant
SOULCYCLE INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MARKO CAVKA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOULCYCLE, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 8:16-CV-01821 JLS (KESx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT SOULCYCLE INC. TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Fed. R. Civ. P. 12(b)(1) and (b)(6)<br><br>Date:    January 27, 2017<br>Time:    2:30 p.m.<br>Judge:   Hon. Josephine L. Staton<br>Ctrm.:   10A |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................... 1

II. CERTAIN CLAIMS MUST BE DISMISSED ......................................... 2

    A. SoulCycle Gave Cavka a Copy of the Contract Under the Statutory Language in Effect at the Time of Contracting .................... 2

    B. The "New Rider" Waiver Form Does Not Violate the HSSCL ........... 5

III. CAVKA DOES NOT HAVE STANDING TO SUE .................................. 5

    A. The HSSCL Provides a Private Right of Action Only to a Customer Who Was Injured by a Violation of the Statute .................. 5

    B. The Court Should Consider Relevant Authority .................................. 6

        1. The Court Can and Should Consider Pickering ........................ 6

        2. The Court Can and Should Consider the Numerous Decisions SoulCycle Cited Addressing Standing Under Analogous Health Studio Statutes ................................................ 8

    C. Cavka Has Not Suffered an Injury That is Causally Connected to SoulCycle's Purported Violations of the HSSCL ........................... 10

    D. Cavka Does Not Have Article III Standing ........................................ 11

IV. CAVKA CONCEDES NUMEROUS ARGUMENTS ............................... 13

V. REMAND IS NOT APPROPRIATE HERE ............................................... 14

VI. CONCLUSION .......................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adelman v. Sparks Network, Ltd.*,
  2008 WL 2108667 (Cal. Ct. App. 2d May 20, 2008) .............................................. 13

*Am. Zurich Ins. Co. v. Country Villa Serv. Corp.*,
  2015 WL 4163008 (C.D. Cal. July 9, 2015) ........................................................... 6

*Ardente Inc. v. Shanley*,
  2010 WL 546485 (N.D. Cal. Feb. 10, 2010) ........................................................... 13

*Bell v. City of Kellogg*,
  922 F.2d 1418 (9th Cir. 1991) ................................................................................. 14

*Danvers Motor Co. v. Ford Motor Co.*,
  432 F.3d 286 (3d Cir. 2005) ............................................................................. 11, 12

*Davis v. Homecomings Fin.*,
  2007 WL 1600809 (W.D. Wash. June 1, 2007) ..................................................... 12

*DeRiso v. Synergy USA*,
  6 A.D.3d 152 (N.Y. App. Div. 1st Dept. 2004) .................................................. 8, 10

*Dielsi v. Falk*,
  916 F. Supp. 985 (C.D. Cal. 1996) ......................................................................... 12

*Employers Ins. of Wausau v. Granite State Ins. Co.*,
  330 F.3d 1214 (9th Cir. 2003) ................................................................................. 6

*Estate of Swindell v. Cnty. of Sonoma*,
  2015 WL 6177743 (N.D. Cal. Oct. 21, 2015) ......................................................... 5

*Evangelatos v. Superior Court*,
  44 Cal.3d 1188 (1988) ............................................................................................. 3

*Hart v. Massanari*,
  266 F.3d 1155 (9th Cir. 2001) ................................................................................. 7

*Hart v. Servicing*,
  2016 WL 5334647 (C.D. Cal. Sept. 19, 2016) ........................................................ 3

## **TABLE OF AUTHORITIES**
## (continued)

**Page**

*In re iPhone Application Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........................................................ 12

*Jenkins v. Cnty. of Riverside*,
  398 F.3d 1093 (9th Cir. 2005) ...................................................................... 13

*Kearns v. Ford Motor Co.*,
  2007 WL 5110308 (C.D. Cal. Mar. 22, 2007), *aff'd*, 567 F.3d 1120 (9th
  Cir. 2009) ........................................................................................................ 3

*Kemply v. Cashcall, Inc.*,
  2016 WL 1055251 (N.D. Cal. Mar. 16, 2016) ............................................... 7

*Keshe v. CVS Pharmacy Inc.*,
  2016 WL 1367702 (C.D. Cal. Apr. 5, 2016) .................................................. 3

*Kim Laube & Co. v. Wahl Clipper Corp.*,
  2013 WL 12084741 (C.D. Cal. Mar. 8, 2013) ............................................... 4

*Melino v. Equinox Fitness Club*,
  A.D.3d 171 (N.Y. App. Div. 1st Dept. 2004) ......................................... 8, 10

*Ogden Martin Sys. Inc. v. San Bernardino Cnty. Cal.*,
  932 F.2d 1284 (9th Cir. 1991) ........................................................................ 6

*Pickering v. 24 Hour Fitness USA, Inc.*,
  CGC-05-446492 (Cal. Super. Ct. S.F. Cnty. June 8, 2009) .................. passim

*Polo v. Innoventions Int'l, LLC*,
  833 F.3d 1193 (9th Cir. 2016) ................................................................ 14, 15

*Rosasco v. Comm'n on Judicial Performance*,
  82 Cal. App. 4th 315 (2000) ........................................................................... 3

*Ruiz v. Bally Total Fitness Holding Corp.*,
  447 F. Supp. 2d 23 (D. Mass. 2006) ........................................................... 8, 9

*Ruiz v. Snohomish Cnty. Pub. Utility Dist. No. 1*,
  824 F.3d 1161 (9th Cir. 2016) ...................................................................... 12

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Silva v. U.S. Bancorp*
   2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) ....................................................... 13

*Sokoloff v. Town Sports Int'l Inc.*,
   6 A.D.3d 185 (N.Y. App. Div. 1st Dept. 2004) ....................................................... 8, 10

*Spokeo Inc. v. Robins*,
   136 S. Ct. 1540 (2016) .......................................................................................... 6, 11

*Tatum v. Schwartz*,
   2007 WL 419463 (E.D. Cal. Feb. 5, 2007) ........................................................... 13

*Troyk v. Farmers Grp. Inc.*,
   171 Cal. Ct. App. 4th 1305 (2009). ...................................................................... 12

*Wendt v. 24 Hour Fitness USA, Inc.*,
   821 F.3d 547 (5th Cir. 2016) ........................................................................ 6, 8, 9, 10

**STATUTES**

Cal. Civ. Code § 3 ........................................................................................................ 4

Cal. Civ. Code § 1812.80 ............................................................................................. 1

Cal. Civ. Code § 1812.82 ............................................................................................. 4

Cal. Civ. Code § 1812.84(a) ....................................................................................... 12

Cal. Civ. Code § 1812.94 .................................................................................... 5, 6, 9

M.G.L.A. 93 § 86 ......................................................................................................... 9

N.Y. Gen. Bus. Law § 628 ........................................................................................... 9

Tex. Occ. Code § 702.501(a) ....................................................................................... 9

**OTHER AUTHORITIES**

Merriam-Webster Online Dictionary, http://www.merriam-webster.com
   (Oct. 13, 2016) ......................................................................................................... 4

## I.  INTRODUCTION.

Marko Cavka has not been injured by any alleged violation of the Health Studio Services Contract Law ("HSSCL"). As a result, he lacks standing and his first amended complaint ("FAC") should be dismissed.

As SoulCycle Inc. ("SoulCycle") explained in its opening brief ("Motion" or "MTD"), the California Legislature declared that the purpose of the HSSCL is "to safeguard the public . . . by prohibiting or restricting . . . onerous contract terms . . . by which the public *has been injured* in connection with contracts for health studio services"; as a result, the HSSCL only permits a customer to bring an action if he was "*injured* by a violation." Cal. Civ. Code §§ 1812.80; 1812.94 (emphasis added). It is therefore not surprising that every court in any jurisdiction to consider the issue—including California—has found that a plaintiff must have suffered an injury caused by the alleged violation to have standing under the applicable health studio law. While Mr. Cavka ("Cavka") urges the Court to refuse to consider this authority and, if that fails, attempts to belittle it, he cites no contrary authority. Because Cavka has failed to allege facts that demonstrate he was actually injured by the alleged violations of the HSSCL, he lacks standing and his FAC should be dismissed.

Of course, the standing inquiry focuses on Cavka, who brought this case, not on theoretical unnamed others or the public at large. Cavka mistakenly asserts in his opposition ("Opposition") that SoulCycle's Motion is predicated on the concept that neither he "nor any other California customer has the right to enforce this California law or seek relief for its violations" (Opp. at 1), and that dismissing his claim "would in essence be holding that no California customer is able to enforce the mandates of the HSSCL or seek relief for clear violations of this law." (*Id.* at 2.) Whether some other California customer may or may not have been injured—under his own unique facts—sufficient to have standing is not the issue. Because Cavka

/////

has not been injured, he has no standing under the explicit statutory language of the HSSCL.

Standing aside, Cavka has not sufficiently alleged a violation of certain of the HSSCL provisions he pursues. In particular, Cavka characterizes SoulCycle's purported failure to provide him with a copy of the contract as the "most critical" and "fundamental allegation" in his FAC. (Opp. at 13.) But, Cavka does not inform the Court that he is now predicating this alleged violation entirely on amended statutory language that was not in his FAC and did not take effect until January 1, 2017, almost six months *after* Cavka entered into his contract with SoulCycle. This amendment to the HSSCL does not apply retroactively and Cavka's reliance on it confirms that SoulCycle complied with the language that was in effect at the time of contracting.

Finally, since this is Cavka's second attempt to plead his claims, the FAC should be dismissed with prejudice.

## II. CERTAIN CLAIMS MUST BE DISMISSED.

### A. SoulCycle Gave Cavka a Copy of the Contract Under the Statutory Language in Effect at the Time of Contracting.

Cavka argues that SoulCycle failed to physically provide him with a copy of the contract.[1] In doing so, Cavka relies on amended language that did not become effective until months after he purchased his Class (on January 1, 2017) (Opp. at 7) (citing Cal. Civ. Code § 1812.82 (as amended January 1, 2017)), and abandons the language of his FAC, which contained the version of the HSSCL that was effective at the time Cavka purchased his Class ("[o]n or around July 5, 2016.") (FAC ¶ 21.). SoulCycle complied with the statute in effect at the time of the purchase by

---

[1] Although Cavka argues at length that SoulCycle is subject to the HSSCL (Opp. at 6), the Court need not reach this question. SoulCycle did not move to dismiss on this basis because there is no standing here. (MTD at 7 n.3.) SoulCycle reserved the right to address the issue later, should it become necessary.

1  "giv[ing]" Cavka a copy of the contract.[2]  (MTD at 8.)  In an effort to argue
2  otherwise, Cavka asserts that SoulCycle violated "the HSSCL's express
3  requirement[] that the contract be '*physically given*' or '*delivered by email to*' the
4  customer." (Opp. at 8.) (emphasis added).  This attempt fails for at least two
5  independent reasons.

6      First, the HSSCL amendment does not apply retroactively.  "The general
7  rule, both in California and in the United States, is that absent some clear indication
8  to the contrary, any change in the law is presumed to have prospective application
9  only."  *Rosasco v. Comm'n on Judicial Performance*, 82 Cal. App. 4th 315, 320
10  (2000), as modified (Aug. 7, 2000) (no retroactivity).  "California continues to
11  adhere to the time-honored principle … that in the absence of an express
12  retroactivity provision, a statute will not be applied retroactively unless it is very
13  clear from extrinsic sources that the Legislature or the voters must have intended a
14  retroactive application."  *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1208-09
15  (1988) (no retroactivity).

16      Courts within the Ninth Circuit have routinely recognized that changes to
17  California statutes operate prospectively unless expressly stated otherwise.  *See,*
18  *e.g.*, *Kearns v. Ford Motor Co.,* 2007 WL 5110308, at *4 (C.D. Cal. Mar. 22,
19  2007), *aff'd*, 567 F.3d 1120 (9th Cir. 2009) (statute did not apply retroactively);
20  *Keshe v. CVS Pharmacy Inc.*, 2016 WL 1367702, at *10 (C.D. Cal. Apr. 5, 2016)
21  (denying retroactivity of change in law).  For example, in *Hart v. Servicing*, the
22  Court granted defendant's motion to dismiss after concluding that plaintiff's
23  wrongful foreclosure claim could not be premised on "alleged deficienc[ies]" in the

---

[2] In response to SoulCycle's original motion to dismiss, the FAC added allegations that the HSSCL required SoulCycle to provide a "statutorily-compliant" contract to Cavka.  (FAC ¶ 18(a).)  SoulCycle, however, explained in its Motion that no such requirement exists, as the phrase "statutorily compliant" is noticeably absent from the statutory language.  (MTD at 9-10.)  As explained in more detail in Section IV, since Cavka does not respond to that argument (instead now relying on statutory language added on January 1, 2017), he has conceded it.

notice of default that "occurred well before section 2924.17 came into effect." 2016 WL 5334647, at *5 (C.D. Cal. Sept. 19, 2016).

Similarly here, the California Civil Code (which is where the HSSCL is codified) states "NOT RETROACTIVE.  No part of it is retroactive, unless expressly so declared." Cal. Civ. Code § 3 (emphasis in original).  Since the amendment was effective on January 1, 2017 and does not expressly declare that it should be retroactive, the amendment does not govern SoulCycle's conduct at the time of Cavka's purchase of his Class almost six months earlier.

Second, Cavka's reliance on the inapplicable, new language effectively concedes that the actual language in effect at the time he contracted with SoulCycle permitted SoulCycle's conduct.  As of July 5, 2016, to comply with section 1812.82, SoulCycle simply had to "give[]" Cavka "a copy of the written contract" when he purchased his Class.  To "give" means "to put into the possession of another for his or her use." (Merriam-Webster Online Dictionary, http://www.merriam-webster.com (Oct. 13, 2016).)  SoulCycle met that standard by providing Cavka with the Terms and Conditions ("Terms"), the Rider Receipt, the Frequently Asked Questions on SoulCycle's website; he was free to print them, and did, when he wanted to include them in his complaint.  (MTD at 8-9.)[3]  The new language, on the other hand, now requires that a provider *physically* give or email the contract to the customer.  The addition of the word "physically" before "give" now connotes a hand exchange and the alternative of sending an email now provides for a specific type of electronic communication (which would still have to be printed by the consumer if he desired a hard copy or if he wanted to attach them to a complaint).

---

[3] Cavka's assertion that SoulCycle's Terms "do[] not even apply to the contractual relationship between SoulCycle and Plaintiff" should be rejected. (*See* Opp. at 7-8.)  As explained in the Motion (and ignored by Cavka), "the meaning of contract language … is a legal question." *Kim Laube & Co. v. Wahl Clipper Corp.*, 2013 WL 12084741, at *10 (C.D. Cal. Mar. 8, 2013).  Furthermore, Cavka admits that he had to click a box, which stated "I understand and accept the terms and conditions" when he purchased his Class. (*See* FAC ¶ 13.)

As SoulCycle complied with the requirements in effect when Cavka bought his Class, this allegation must be dismissed.

### B. The "New Rider" Waiver Form Does Not Violate the HSSCL.

The Motion demonstrated that the Court does not have to give any weight to Cavka's purported allegation as to the meaning of contractual language or the scope of a release. (MTD at 10.) In response, Cavka does not rebut any of the cited cases, and merely argues that SoulCycle "requires its customers to execute waivers that are in violation of the HSSCL, and also attaches a copy of the 'New Rider Waiver Form.'" (Opp. at 9 n.5.) The Court can itself review the New Rider Waiver Form, which conclusively demonstrates that it does not require customers to waive the protections of the HSSCL. This claim should be dismissed.

## III. CAVKA DOES NOT HAVE STANDING TO SUE.

### A. The HSSCL Provides a Private Right of Action Only to a Customer Who Was Injured by a Violation of the Statute.

The California Legislature conferred a private right of action only on a "buyer *injured* by a violation of this title." Cal. Civ. Code § 1812.94 (emphasis added). "[T]he intent of the HSS[CL] is to prevent *harm* to consumers who enter into health studio contracts." *Pickering v. 24 Hour Fitness USA, Inc.*, CGC-05-446492 at 6 (Cal. Super. Ct. S.F. Cnty. June 8, 2009) (citing Cal. Civ. Code § 1812.80) ("*Pickering* Statement of Decision"). When a statute governs standing for a cause of action, standing is limited to what has been expressly conferred by statute. *See, e.g.*, *Estate of Swindell v. Cnty. of Sonoma*, 2015 WL 6177743, at *6 (N.D. Cal. Oct. 21, 2015) ("'In California, an action for wrongful death is governed solely by statute, and the right to bring such an action is limited to those persons identified therein.'") (internal citation omitted).

As a result, it is contrary to law for Cavka repeatedly to assert that he can maintain this action if anyone in California anywhere or the public generally has been hurt by SoulCycle's purported HSSCL violations. (Opp. at 9.) The express

statutory language establishes that injury to the public is insufficient to confer standing under the HSSCL.[4] Cal. Civ. Code § 1812.94. Enforcing the statutory language does not mean, however, that no California customer can ever pursue a claim against SoulCycle (assuming, for purposes of this argument only, that the HSSCL applies). (Opp. at 2-3.) But, to do so, that customer must be able to demonstrate that he was injured because of SoulCycle's purported violation of the HSSCL, which Cavka has not done here.

### B. The Court Should Consider Relevant Authority.
#### 1. The Court Can and Should Consider *Pickering*.

SoulCycle discussed *Pickering* because it is the only decision—California or otherwise—that directly addresses the exact issue before the Court—standing under the HSSCL. (*See* Opp. at 13.) Despite its obvious relevance and the fact that Cavka provides no contrary controlling authority, Cavka urges this Court to "refuse to consider" *Pickering*. (*Id.* at 14.) Understandably, however, the case law establishes that this Court may, in fact, consider the case as informative on California law. *See, e.g.*, *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value."); *Am. Zurich Ins. Co. v. Country Villa Serv. Corp.*, 2015 WL 4163008, at *12 n.24 (C.D. Cal. July 9, 2015) ("[W]hen there is no other binding authority on which to rely, federal courts may consider unpublished California opinions as persuasive authority."). In *Wendt v. 24 Hour Fitness USA,* a federal district court in Texas did exactly that. 2015 WL 1344819, at *2 (N.D. Tex. Mar. 24, 2015) (citing to *Pickering*). The cases Cavka cited do not hold otherwise. *See Ogden Martin Sys. Inc. v. San Bernardino Cnty. Cal.*, 932 F.2d 1284, 1289 (9th Cir. 1991) (the court is "less strictly compelled to

---

[4] Injury to the public is also insufficient to confer Article III standing. As the Supreme Court recently has stated "[f]or an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). SoulCycle provided other case law establishing this point as well, which Cavka also did not address. (MTD at 19-20.)

follow intermediate appellate decisions"); *Hart v. Massanari*, 266 F.3d 1155, 1180 (9th Cir. 2001) (explaining why the Ninth Circuit does not permit citing its unpublished decisions).

Cavka's attempt to distinguish *Pickering* because it was not decided on a motion to dismiss is unpersuasive. (Opp. at 12-13.) As a threshold matter, the relevance and rationale of this decision do not turn on its procedural posture. *Pickering* analyzed the requirement for standing under the HSSCL after a bifurcated trial on the issue of standing.[5] (*Pickering* Statement of Decision at 1.) The fact that the Court considered evidence instead of allegations to assess standing is a distinction without a difference. *See, e.g.*, *Kemply v. Cashcall, Inc.*, 2016 WL 1055251, at *19 (N.D. Cal. Mar. 16, 2016) ("standing must exist at all times").

Similarly feeble are Cavka's attempts to downplay *Pickering*'s significance by observing that the plaintiff there did not allege a failure to receive a copy of the contract. (Opp. at 13.) In *Pickering*, the Court analyzed whether the plaintiff had standing to assert numerous violations of the HSSCL. For each, the analysis was the same; the Court found,

> Pickering again lacks standing because she has not demonstrated that she was caused any injury as a result of any alleged technical violations. Based on the Legislature's Declaration of Public Policy articulated in Civ. Code § 1812.80, the intent of the HSS[CL] is to prevent *harm* to consumers who enter into health studio contracts. No evidence is presented that the Legislature intended to void contracts where no *harm* occurred as a result of alleged violations of the technical provisions of the HSS[CL].
>
> The evidence in this case, to the contrary, demonstrates that even if technical provisions were not strictly complied with (and the Court makes no determination as to this issue), there was no harm caused to Pickering as a result of the alleged deficiencies.

/////

---

[5] Cavka also argues that SoulCycle inaccurately suggested to the Court that this was a decision on a motion to dismiss. (Opp. at 13 n.10.) SoulCycle never described the decision as responding to a motion to dismiss.

(*Pickering* Statement of Decision at 5-6.) For example, Ms. Pickering did not have standing to assert a claim based on the font size of disclosures because "no harm was caused to [her] as a result of the purported type size defect."[6] (*Id.* at 6.)

The Court can and should consider *Pickering* and hold that Cavka does not have standing under California law.

### 2. The Court Can and Should Consider the Numerous Decisions SoulCycle Cited Addressing Standing Under Analogous Health Studio Statutes.

Every single court that has considered the issue has held that "a plaintiff lacks standing to sue under the state's version of a health club act when the plaintiff cannot allege injury, even if the contract violates the act." *Wendt*, 2015 WL 1344819, at *2; *accord Wendt v. 24 Hour Fitness USA, Inc.*, 821 F.3d 547, 550 (5th Cir. 2016); *Ruiz v. Bally Total Fitness Holding Corp.*, 447 F. Supp. 2d 23, 30-31 (D. Mass. 2006); *Melino v. Equinox Fitness Club*, A.D.3d 171, 171 (N.Y. App. Div. 1st Dept. 2004); *Sokoloff v. Town Sports Int'l Inc.*, 6 A.D.3d 185, 186 (N.Y. App. Div. 1st Dept. 2004); *DeRiso v. Synergy USA*, 6 A.D.3d 152, 152-53 (N.Y. App. Div. 1st Dept. 2004). Again without providing any contrary case law, Cavka asks the Court to ignore all of this authority.[7] (Opp. at 14-15.) The Court should reject that invitation.

/////

---

[6] Cavka also states that he "would contend that the court in *Pickering* misinterpreted and/or misapplied California law in finding that the plaintiff … lacked standing under the HSSCL." (Opp. at 14 n.11.) *Pickering* was correctly decided, as is evident by the fact that the decision is in agreement with all other courts that have considered the standing issue under analogous statutes.

[7] Cavka further claims that "it is telling that the majority of authorities cited in SoulCycle's Motion are from jurisdictions other than California" considering the "ocean of caselaw applying and interpreting" consumer protection laws in California. (Opp. at 15.) Yet, Cavka himself does not cite a single HSSCL or Unfair Competition Law ("UCL") case (besides *Pickering*, or even more curiously, two UCL cases mentioned during his Article III standing argument) (*see* Opp. at 11), whereas SoulCycle cited *all* of the cases *anywhere* in the United States that discussed standing under health studio laws and numerous decisions related to the UCL. (*See* MTD, *passim*.)

First, to the extent that Cavka urges that these cases are distinguishable because the same precise technical HSSCL violation is not at issue, that argument fails for all the reasons discussed above. Regardless of the technical violation alleged, the analysis is the same: has the plaintiff alleged any actual injury that flows from that alleged violation. If not, there is no standing. (*Supra* at 7.)

Second, the relevant statutory language in the analogous health studio laws in these cases is virtually identical to the HSSCL and all require the customer to establish an injury as a result of the purported violation to sue, as demonstrated below.

| HSSCL | New York | Massachusetts | Texas |
|---|---|---|---|
| "Any buyer *injured* by a violation of this title may bring an action for the recovery of damages." Cal. Civ. Code § 1812.94 (emphasis added). | "Any buyer *damaged by* a violation of this article may bring an action for recovery of damages." N.Y. Gen. Bus. Law § 628 (emphasis added). | "Any buyer who has suffered any *injury* as a result of a violation of sections seventy-eight to eighty-eight, inclusive, … may bring an action for recovery of damages …" M.G.L.A. 93 § 86 (emphasis added). | "A member may file suit against a seller if: (1) the seller violates this chapter; and (2) the seller's violation causes *injury* to the member." Tex. Occ. Code § 702.501(a) (emphasis added). |

Finally, Cavka improperly asserts that these decisions "are factually and procedurally distinguishable" because "*all* of the opinions were issued after a trial and/or the court's receipt and consideration of evidence and testimony." (Opp. at 14-15.) (emphasis added). Not so. All of the cases SoulCycle relied upon (except *Pickering*) were decided on a motion to dismiss. In *Wendt*, the Court granted the motion to dismiss, holding "[b]ecause Plaintiffs fail to *allege* injury, they do not have standing to sue." 2015 WL 1344819, at *1 (emphasis added). The Fifth Circuit affirmed. 821 F.3d 547, 547. In *Ruiz*, the Court granted the defendant's

motion to dismiss, in part, because Ruiz "failed to *allege* any injury caused by that provision." 447 F. Supp. 2d at 30-31 (emphasis added). And, in *Melino*, the Court affirmed the district court's grant of defendant's motion to dismiss. 6 A.D.3d at 171-172 ("plaintiff alleges"); *see also Sokoloff*, 6 A.D.3d at 186 (affirming dismissal of motion to dismiss); *DeRiso*, 6 A.D.3d. at 152-53 (same).

### C. Cavka Has Not Suffered an Injury That is Causally Connected to SoulCycle's Purported Violations of the HSSCL.

SoulCycle established that under the HSSCL, a plaintiff must demonstrate "that she was caused any injury *as a result of* any alleged technical violations." (MTD at 11.) (emphasis added). For example, SoulCycle demonstrated that Cavka was not injured by SoulCycle's alleged failure to notify disabled customers of their right to cancel for the simple and obvious reason that Cavka is not alleged to be disabled, did not seek a refund due to a disability, and was not refused the refund he never sought. (MTD at 16.) In response, Cavka responds—without citing to any authority—that he "need not allege that he was disabled to establish SoulCycle's violation of the HSSCL for failing to include language regarding disability rights."[8] (Opp. at 12 n.8.) Cavka's problem, however, is that he does not have standing to assert the violation unless he personally suffered injury as a result of the alleged violation, which, in this example means alleging that he is disabled and was improperly denied a refund. *See, e.g.*, *Wendt*, 2015 WL 1344819 at *5-6 (dismissing allegation of insufficient disability policy notification due to a failure to allege a disability); *DeRiso*, 6 A.D.3d at 153 (same). There are no such allegations.

Cavka also suggests that his Class payment establishes injury that is causally related because he was "paying for a contract with SoulCycle, and SoulCycle failed to even provide him with a copy of that contract, or otherwise identify all of the

---

[8] Even more strangely, Cavka argues that disability under the HSSCL "simply means 'a condition which precludes the buyer from physically using the facilities and the condition is verified by a physician,'" yet he does not assert that he had such a medical condition that physically precluded him from using his Class or that a doctor verified that condition. (*See* Opp. at 12 n.8.)

1 material terms of the contract." (Opp. at 10 n.6.) As SoulCycle has repeatedly
2 demonstrated, however, it did provide Cavka with the contract. Moreover, even if
3 SoulCycle had not given Cavka the contract (which it did), Cavka himself asserts
4 that a contract *actually existed* between the parties. (FAC ¶ 21.) Such a contract is:

> Effectively an option to obtain … personal training sessions … [Plaintiff's] decision not to use the sessions and thus not to exercise that option does not mean that she was harmed, it means she chose not to use the sessions. There is no evidence that [Plaintiff] did not obtain the benefit of her bargain – which was the option and ability to obtain … personal training sessions within a specified time period.

(*Pickering* Statement of Decision at 5.)

### D. Cavka Does Not Have Article III Standing.

As shown above, Cavka lacks standing under California law to assert his HSSCL (and UCL) claims and they should be dismissed for that reason. In addition, Cavka lacks Article III standing, as demonstrated in the Motion. (MTD 19-22.) Instead of addressing the cases SoulCycle cites establishing that Article III standing is lacking, the Opposition relies on a single federal case to assert that Cavka has Article III standing "as a matter of law." (Opp. at 11 (citing *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286 (3d Cir. 2005)).)

Relying on Justice Alito's opinion in *Danvers*, Cavka argues that he has standing because he suffered an economic injury, which is a form of injury-in-fact. (*Id.*) Establishing injury-in-fact, however, is only one of the necessary requirements for establishing Article III standing. (MTD at 20.) As Justice Alito opined in *Spokeo* (which Cavka also ignored), standing requires *three* elements: (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." 136 S. Ct. at 1547.

Even if one assumes, for argument only, that Cavka's payment for his Class that he chose not to attend (*see* FAC ¶ 25) is an injury, that payment has no

1   connection to the purported technical violations of the HSSCL and is not "fairly
2   traceable" to the challenged conduct. (MTD at 20.) Cavka ignores this argument—
3   and therefore concedes it—but an injury is only fairly traceable to the defendant's
4   conduct if the complaint "assert[s] conduct by Defendants which directly or
5   indirectly led to the alleged harm." *In re iPhone Application Litig.*, 844 F. Supp. 2d
6   1040, 1055-56 (N.D. Cal. 2012). In *Danvers*, for example, the plaintiff challenged
7   the defendant's certification process, which caused them "to spend money against
8   their will to comply with its certification requirements." 432 F.3d at 290. The
9   Court found standing because the purported financial harm was caused by the
10  certification process. *Id.* at 291-292; *see also Troyk v. Farmers Grp. Inc.*, 171 Cal.
11  Ct. App. 4th 1305, 1349-50 (2009) (denying summary judgment on UCL claim
12  because although injury-in-fact had been established there was a fact question as to
13  whether the injury was "'as a result of' the defendant's unfair competition."). Here,
14  in contrast, Cavka did not pay $30 due to any of the purported statutory defects.
15  For example, while Cavka asserts that SoulCycle failed to notify disabled persons
16  of their right to cancel the contract (FAC ¶ 18(e)), this alleged failure did not cause
17  Cavka to purchase his Class or lose money.[9]

18  Moreover, contrary to Cavka's contention (Opp. 10 at n.7), SoulCycle "d[id]
19  not waive jurisdictional challenges by removing the case to federal court." *Dielsi v.*
20  *Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996) (granting motion to dismiss, in part).
21  SoulCycle "had a statutory right to remove this case. Doing so did not waive its
22  right to contest … Article III standing." *Davis v. Homecomings Fin.*, 2007 WL
23  1600809, at * 4 (W.D. Wash. June 1, 2007); *see also Ruiz v. Snohomish Cnty. Pub.*

---

[9] Cavka also asserts that he was "required to illegally forfeit his contract payment" because he was unable to reserve a class within the 30-day expiration period. (Opp. at 4, 10.) But, Cavka does not allege he was unaware of the expiration date and has not cited to any provision of the HSSCL that prohibits an expiration period. Quite the contrary, *Pickering* found that "the insertion of an expiration provision is not only *not* unfair or unconscionable; it is mandated by law." (*Pickering* Statement of Decision at 7; *see also* Cal. Civ. Code § 1812.84(a) (stating that contracts for health studios may not "exceed three years").)

*Utility Dist. No. 1*, 824 F.3d 1161, 1166 n.4 (9th Cir. 2016) ("[A] defendant may waive the lack of personal jurisdiction, but the parties may not waive the lack of subject matter jurisdiction.").

### IV. CAVKA CONCEDES NUMEROUS ARGUMENTS.

Courts routinely hold that a plaintiff who has not responded to an argument has conceded it and abandoned his claim. For example, in *Silva v. U.S. Bancorp*, the Court held that the plaintiff "concede[d] his recordkeeping claim should be dismissed by failing to address Defendants' arguments in his Opposition." 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (granting, in part, motion to dismiss); *see also Tatum v. Schwartz*, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) (plaintiff "tacitly concede[d]" the arguments "by failing to address defendant's argument" raised in its opposition to the motion to dismiss); *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (holding that plaintiff had "abandoned her two other claims by not raising them in opposition" to the defendant's motion); *Ardente Inc. v. Shanley*, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) (granting, in part, motion to dismiss; "Plaintiff fails to respond to this argument and therefore concedes it through silence.").

Cavka's Opposition does not respond to six different arguments in SoulCycle's Motion (and, as a result, does not address 33 of the cases cited by SoulCycle in support):

- The HSSCL does not require SoulCycle to provide a "statutorily-compliant" contract (MTD at 9-10);
- Cavka's allegation that he paid for an allegedly void contract does not confer standing[10] (*id.* at 12-14);

---

[10] Cavka failed to respond to this argument, except to include a footnote seeking to distinguish one of the cases SoulCycle relied upon in support of this argument, by stating that the case was not based on the HSSCL, was unpublished and was a decision after a trial. (Opp. at 15 n.13.) (citing *Adelman v. Sparks Network, Ltd.*, 2008 WL 2108667 (Cal. Ct. App. 2d May 20, 2008)). As Cavka has himself admitted, however, the Court can consider an unpublished decision of a California

- Cavka's alleged injury is not "fairly traceable" to SoulCycle's purported HSSCL violations (*id.* at 20);
- Cavka has alleged only a bare procedural violation, which does not confer standing (*id.* at 20-22);
- The FAC fails to state a claim under the UCL (*id.* at 22-24); and
- Cavka lacks standing to seek injunctive relief under the UCL.[11] (*Id.* at 24-25.)

## V. REMAND IS NOT APPROPRIATE HERE.

In the event that the Court grants SoulCycle's Motion, the Court should reject Cavka's requests that he be given the opportunity to replead and/or remand the case to the California court. (Opp. at 5-6.) Cavka has already had an opportunity to replead and was unable to augment his allegations to establish standing or violations of certain provisions of the HSSCL. Moreover, if the Court grants SoulCycle's Motion on the ground that Cavka lacked standing under California law, there is no basis for a remand because Cavka would continue to lack the requisite standing in a California state court. *See, e.g.*, *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991) ("Where the remand to state court would be futile, however, the desire to have state courts resolve state law issues is lacking. We do not believe Congress intended to ignore the interest of efficient use of judicial resources."); *Cf. Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (explaining that remand is mandatory when Article III standing is lacking because a ruling on that ground "means only that the federal courts have no power to adjudicate the matter"). The Ninth Circuit permits a district court to

---

appellate court. (Opp. at 13.) Moreover, as SoulCycle previously explained in its Motion, the statute at issue in *Adelman* and the HSSCL "contain almost identical damages and voidability provisions." (MTD at 13.) Finally, the fact that the decision was in a different procedural posture does not undermine its persuasiveness.

[11] Cavka's refusal to address these arguments is not saved by his inclusion of a one line footnote that states "it follows that Plaintiff also has standing to assert his claims in the FAC for SoulCycle's violations of California's Unfair Competition Law … and for injunctive relief." (Opp. at 12 n.9.)

1 dismiss an action without remand if it "is so clear as to be foreordained" that a state
2 court would dismiss the action, which is the case here. *Polo*, 833 F.3d at 1198.

## VI. CONCLUSION.

Cavka has already availed himself of the opportunity to replead following SoulCycle's filing of its first motion to dismiss and has presumably already alleged all allegations that he can to support his claims. For the reasons stated above, SoulCycle requests that the Court dismiss the FAC with prejudice.

Respectfully submitted,

DLA PIPER LLP (US)

Dated: January 13, 2017

By: */s/Shirli F. Weiss*
SHIRLI F. WEISS
KEARA M. GORDON
Attorneys for Defendant SOULCYCLE INC.