UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-01821-JLS-KES                               Date:  January 30, 2017
Title:  Marko Cavka v. SoulCycle Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  |        N/A        |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                  Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER (1) DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. 33)**

Before the Court is SoulCycle's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Mot., Doc. 33.) Plaintiff Marko Cavka filed an Opposition, and SoulCycle submitted a Reply. (Opp'n, Doc. 36; Reply, Doc. 37.) For the following reasons, the Court DENIES IN PART SoulCycle's Motion to Dismiss for lack of subject matter jurisdiction and GRANTS SoulCycle's Motion to Dismiss for failure to state a claim.

## I.   BACKGROUND

On August 26, 2016, Marko Cavka filed this putative class action against SoulCycle in Orange County Superior Court, alleging that SoulCycle's sales practices violate numerous provisions in California's Health Studio Services Contract Law ("HSSCL"). (Compl., Doc. 1-1.) On September 30, 2016, SoulCycle removed this suit to federal court (Notice of Removal, Doc. 1), and this Motion to Dismiss followed soon thereafter.

In his Complaint, Cavka asserts that, when he purchased his SoulCycle spinning class, he was not provided with a complete copy of the contract. (FAC ¶ 18(a), Doc. 27.) Instead, the only documents he received were SoulCycle's "Terms and Conditions" click-

___

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:16-cv-01821-JLS-KES | Date:  January 30, 2017 |
| Title:  Marko Cavka v. SoulCycle Inc. | |

wrap agreement and the "Rider Receipt." (Terms and Conditions, Exh. A. Doc. 27-1; Rider Receipt, Exh. B, Doc. 27-1.) By its terms, the "Terms and Conditions" agreement governs only customers' "use of the SoulCycle Website and the SoulCycle Mobile Application" (Terms and Conditions, Exh. A), and the Rider Receipt is nothing more than a simple email confirmation (*see* Rider Receipt, Exh. B). Further contravening the HSSCL, SoulCycle purportedly does not disclose above the signature line on any of its agreements the duration of the contract. (FAC ¶ 18(b) (quoting Cal. Civ. Code § 1812.84(b).) SoulCycle also does not include a HSSCL-mandated provision in its agreements allowing customers, upon their death or disability, to avoid their contractual obligations and seek a pro rata refund. (*Id.* ¶ 18(e) (quoting Cal. Civ. Code § 1812.89).) In addition, neither the Terms and Conditions agreement nor the Rider Receipt include the requisite disclosure informing consumers of their right to cancel the agreement within five business days, and the Rider Receipt actually states that "at this time we can not do returns or exchanges." (Rider Receipt, Exh. B.) Cavka contends that, as a result of these statutory violations, every SoulCycle customer agreement in California is "void and unenforceable" under the HSSCL. (FAC ¶¶ 19, 41 (quoting Cal. Civ. Code § 1812.91).)

Separately, Cavka alleges that SoulCycle disregards the HSSCL by requiring customers to execute liability waivers which purport to exculpate SoulCycle from all claims "arising out of or in any way related to participation in the Classes or use of the Facilities . . . ." (SoulCycle New Rider Waiver Form, Exh. C, Doc. 27-3; Terms and Conditions, Exh. A; FAC ¶ 18(d) (citing Cal. Civ. Code § 1812.93).)

Based on these statutory violations, Cavka alleges causes of action under both the HSSCL's private right of action, Cal. Civ. Code § 1812.94(a), and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (FAC ¶¶ 35-52.)

## II. <u>LEGAL STANDARD</u>

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-01821-JLS-KES                                               Date:  January 30, 2017
Title:  Marko Cavka v. SoulCycle Inc.

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). When considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "The party asserting [] subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III.  DISCUSSION

In its Motion, SoulCycle moves to dismiss Cavka's suit for lack of Article III standing and failure to state a claim. (Mem. at 7-25.) Cavka disputes these contentions and alternatively requests that this Court grant him either leave to amend his Complaint or a remand. (Opp'n at 2-16.) The Court will first address whether Cavka has Article III standing before turning to whether he has adequately pleaded his HSSCL and UCL claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-01821-JLS-KES Date: January 30, 2017

Title: Marko Cavka v. SoulCycle Inc.

### A. Article III Standing

While courts have occasionally avoided resolving whether a plaintiff has Article III standing by turning first to whether a plaintiff has statutory standing, *see, e.g.*, *Howell v. Grindr, LLC*, No. 15-CV-1337-GPC (NLS), 2015 WL 9008801, at *8 (S.D. Cal. Dec. 15, 2015), such an approach would be inappropriate here because this case was removed from state court. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016). SoulCycle contends that this Court can simply dismiss Cavka's suit even it lacks subject matter jurisdiction because a remand would be futile. (Reply at 14-15.) But in *Polo* the Ninth Circuit questioned whether this so-called "futility doctrine" remains good law, as the Supreme Court has observed that "the literal words of § 1447(c) . . . give *no discretion* [to a district court] to dismiss rather than remand an action." *Polo*, 833 F.3d at 1198 (quoting *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991)) (emphasis added). Indeed, it would seem odd to conclude that, even if a federal court lacks subject matter jurisdiction, it could nevertheless pass judgment on the merits of a plaintiff's complaint by holding that a remand would be futile. In any event, the futility doctrine would certainly be inapplicable here, considering the dearth of state appellate court decisions construing the HSSCL. As such, this Court must determine whether Cavka has Article III standing before addressing whether he adequately states a cause of action under the HSSCL or UCL.

For a plaintiff to have Article III standing, he must (1) have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) the harm must be "fairly trace[able]" to the defendants' conduct, and (3) the Court must be able to redress the claimed injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). In bringing suit under the HSSCL and UCL, Cavka identifies four discrete injuries: (1) SoulCycle's failure to provide him with a proper written contract, (2) SoulCycle's failure to disclose the contract's duration "above the space reserved for the signature," (3) SoulCycle's failure to inform consumers that they have five business days to cancel the contract, and (4) SoulCycle's purportedly unlawful insertion of liability waivers in its agreements. (FAC ¶ 39.) SoulCycle contends that none of these injuries are sufficiently concrete to establish Article III standing. (Mem. at 19-20.) This Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-01821-JLS-KES                                              Date:  January 30, 2017
Title:  Marko Cavka v. SoulCycle Inc.

Cavka's first three claimed injuries are premised on SoulCycle's failure to provide statutorily mandated information, a harm which the Supreme Court has repeatedly recognized as sufficient to establish Article III standing. *See, e.g.*, *Federal Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998); *Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982). *Havens* is particularly instructive because it held that "testers," or individuals who pose as prospective tenants or buyers to uncover violations of the Fair Housing Act, had Article III standing to sue for receiving false or misleading information, even though they had no "intent to rent or purchase a home or apartment." *Id.* at 373; *see Rodriguez v. El Toro Med. Inv'rs Ltd. P'ship*, No. SACV 16-59 (JLS) (KES), 2016 WL 6804394, at *4 (C.D. Cal. Nov. 16, 2016). As the Supreme Court explained, although the "tester may have approached the real estate agent fully expecting that he would receive false information, and without any intention of buying or renting a home," the violation of the plaintiff's Congressionally established right to accurate information was sufficient on its own to establish Article III standing. *Havens Realty Corp.*, 455 U.S. at 374.

Here, the HSSCL creates a statutory right to important disclosures about the terms of a health studio agreement and a consumer's right to cancel. SoulCycle contends that "Cavka was not deprived of any information" and challenges only "the manner in which SoulCycle disclosed it." (Mem. at 22.) This is not a fair reading of Cavka's First Amended Complaint. Cavka is not merely complaining that SoulCycle, say, used size 13-point font instead of 14-point font to provide the HSSCL-mandated disclosures in its customer agreements. Rather, Cavka claims that SoulCycle's contracts did not include the required disclosures *at all* and actively *misinformed* him about his rights under the HSSCL. That a consumer could have come across the required information somewhere else on SoulCycle's website does not mean that he has not suffered a concrete injury when a health studio fails to include the mandatory disclosures in the actual agreement.

SoulCycle's insertion of liability waivers in its various customer agreements is an equally concrete injury. As this Court held in *Rodriguez*, inserting an unenforceable exculpatory clause in a contract of adhesion leaves a consumer misinformed about his rights and less likely to seek recompense for any injuries he may suffer. 2016 WL 6804394, at *4 (C.D. Cal. Nov. 16, 2016); *see also Syed v. M-I, LLC*, No. 14-17186,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-01821-JLS-KES                                        Date:  January 30, 2017
Title:  Marko Cavka v. SoulCycle Inc.

2017 WL 242559, at *3, *4 (9th Cir. Jan. 20, 2017) (holding that a plaintiff has Article III standing to sue for an employer's insertion of an exculpatory clause into an FCRA-mandated disclosure form). SoulCycle contends that its liability waivers do not attempt to waive consumer's rights under the HSSCL (Mem. at 14-16), but this argument improperly conflates Cavka's standing to sue with the merits of his claims. And the provisions in the Terms and Conditions and New Rider Form that purport to release SoulCycle from liability for any claims "arising out of or *in any way related to* participation in the Classes or *use* of the Facilities" could very well encompass claims brought under the HSSCL.[1] (New Rider Form, Exh. C; Terms and Conditions, Exh. A. (emphasis added).)

      Cavka's failure to demonstrate any actual damages attributable to SoulCycle's alleged violations of the HSSCL does not imply that his injuries are too abstract for adjudication in federal court. *See, e.g.*, *Doe v. Chao*, 540 U.S. 614, 624 (2004). In *Doe v. Chao*, for instance, the Supreme Court held that a plaintiff must demonstrate "actual damages" to collect under the Privacy Act. *Id.* at 627. Although finding that the plaintiff in *Doe* could therefore not recover, the Supreme Court nevertheless accepted that he had Article III standing to bring suit. *See id.* at 624; *see also id.* at 631 n.1, 641 (Ginsburg, J., dissenting) (noting that majority concludes that the plaintiff has "[s]tanding to sue, but not to succeed").

      The Court, however, agrees with SoulCycle that Cavka may lack Article III standing to pursue injunctive relief in federal court. A plaintiff has standing to seek an injunction only if his claimed injury could likely be redressed through such relief. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979 (9th Cir. 2011). Accordingly, Cavka must be willing to purchase the product again to have standing to seek an injunction. *See Delarosa v. Boiron, Inc.*, No. SACV 10-1569-JST CWX, 2012 WL 8716658, at *5 (C.D. Cal. Dec. 28, 2012). In its present form, Cavka's Complaint does not clearly indicate that

---

[1] SoulCycle also contends that Cavka lacks standing to sue for SoulCycle's potentially illegal exculpatory clauses because he never signed the New Rider Form. (*See* Mem. at 14-15.) To the extent that SoulCycle raises this argument to challenge Cavka's Article III standing as well as his statutory standing, the Court rejects the argument: SoulCycle's Terms and Conditions—which Cavka did agree to—is in all relevant aspects the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-01821-JLS-KES                                                      Date:  January 30, 2017
Title:  Marko Cavka v. SoulCycle Inc.

he would be willing to purchase additional SoulCycle classes if its sales practices complied with the HSSCL. When confronted with this dilemma, district courts have split over whether a partial remand or dismissal is the proper recourse. *Compare Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 961 (N.D. Cal. 2015) *with Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF-OP, 2016 WL 1180143, at *4 (C.D. Cal. Mar. 24, 2016). Considering the lack of any briefing on this question, this Court's decision to grant Cavka leave to amend, and the uncertainty over whether Cavka even wishes to pursue a suit seeking solely injunctive relief in state court, the Court declines to resolve the issue at present. If Cavka wants to litigate an injunctive suit in state court, he should state so in a motion to remand or in his opposition to any subsequent motion to dismiss, and the Court will address the issue at that time after full briefing.

Accordingly, SoulCycle's Motion to Dismiss for lack of subject matter jurisdiction is DENIED IN PART. The Court reserves judgment on the proper disposition of Cavka's request for injunctive relief until Cavka files an amended complaint.

### B. Failure to State a Claim

SoulCycle contends that Cavka has failed to establish statutory standing under either the HSSCL or the UCL. (Mem. 11-18.) The Court will address each claim in turn.

#### i. HSSCL Claim

Under the HSSCL, "[a]ny buyer *injured by* a violation of this title may bring an action for the recovery of damages. Judgment may be entered for three times the amount at which the *actual damages* are assessed plus reasonable attorney fees." Cal. Civ. Code § 1812.94 (emphasis added). California's state courts have construed the term "actual damages" to "ordinarily [be] synonymous with compensatory damages which may include damages for mental suffering." *Balmoral Hotel Tenants Assn. v. Lee*, 276 Cal. Rptr. 640, 641 (Ct. App. 1990); *McNairy v. C.K. Realty*, 59 Cal. Rptr. 3d 429, 433 (Ct. App. 2007). And, in *Boorstein v. CBS Interactive, Inc.*, 165 Cal. Rptr. 3d 669 (Ct. App. 2013), the California Court of Appeal held that the phrase "injured by a violation of this title" requires "an injury *resulting from* a violation [of the statute] . . . . [A] violation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-01821-JLS-KES                                      Date:  January 30, 2017
Title:  Marko Cavka v. SoulCycle Inc.

the statute, without more, is insufficient." *Id.* at 676 (emphasis added). Thus, to demonstrate statutory standing under the HSSCL, Cavka must plausibly allege that (1) he sustained actual damages (2) caused by SoulCycle's violations of the HSSCL.

Cavka fails to adequately allege these statutory standing requirements. While Cavka paid thirty dollars for a SoulCycle class (FAC ¶ 21), this cost bears no causal relation to SoulCycle's violations of the HSSCL. Cavka does not allege, for example, that he would not have entered into the agreement had SoulCycle conspicuously disclosed the duration of the contract above the signature line or that he would have canceled the agreement within five business days had he known about his statutory right to do so. Cavka's alternative argument that he has incurred actual damages because SoulCycle's violations of the HSSCL render his agreement void and unenforceable fares no better: Nowhere in his Complaint does Cavka suggest that SoulCycle has refused to honor the agreement or that the spinning class he purchased was less valuable because his contract was void and unenforceable.[2] *See, e.g.*, *Howell*, 2015 WL 9008801, at *1, *4 (rejecting a plaintiff's argument that he had suffered actual damages because his contract with a dating services mobile application was "void and unenforceable"). Finally, Cavka does not claim—much less plausibly claim—that he has suffered emotional distress as a result of SoulCycle's violations of the HSSCL.[3]

Cavka counters that, if SoulCycle were correct, "no California consumer [would be] able to enforce the mandates of the HSSCL." (Opp'n at 3.) Not so. A private plaintiff

---

[2] Indeed, in interpreting the predecessor to the HSSCL—which was known as the "Dance Act" because it regulated dance studios—the California Court of Appeal found that the proper measure of "actual damages" under the Act was "the difference between the amount paid and the value of that received." *Beck v. Arthur Murray, Inc.*, 54 Cal. Rptr. 328, 332 (Ct. App. 1966). Of course, this methodology may not accurately capture a plaintiff's compensatory damages in all circumstances, but the Court of Appeal's instruction that "actual damages are not, necessarily, the equivalent of the amount paid" applies equally to this case. *See id.*

[3] Cavka also claims that he was unable to schedule his spinning class within the thirty-day period provided for in the contact (FAC ¶ 25). But Cavka does not allege why he was unable to do so, and the HSSCL does not bar health studios from establishing time periods for using prepaid classes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-01821-JLS-KESDate: January 30, 2017
Title: Marko Cavka v. SoulCycle Inc.

simply has to demonstrate that he suffered compensatory damages attributable to a health studio's violation of the HSSCL. Besides, this is not the proper forum for Cavka's policy argument; by declining to provide statutory damages for violations of the HSSCL, the California Legislature has chosen to cabin the types of statutory violations that can result in suits for treble damages and attorneys' fees. This Court cannot rewrite the statute's private right of action to serve Cavka's goal of stricter enforcement of the HSSCL. Accordingly, the Court DISMISSES Cavka's HSSCL claim WITH LEAVE TO AMEND. In any amended complaint, Cavka must clearly articulate how he suffered actual damages as a result of SoulCycle's violations of the HSSCL.

### ii. UCL Claim

For similar reasons, Cavka lacks statutory standing under the UCL. Unlike Article III standing, statutory standing under the UCL requires a plaintiff to demonstrate he suffered "some form of *economic injury*" resulting from the defendant's unfair business practice. *Ballard v. Bank of Am., N.A.*, No. SACV 12-1698-JLS, 2014 WL 503143, at *2 (C.D. Cal. Jan. 28, 2014); *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 885 (Cal. 2011). Cavka has not explained how he suffered an economic loss as a result of SoulCycle's failure to comply with the HSSCL. Accordingly, the Court DISMISSES Cavka's UCL claim WITH LEAVE TO AMEND. In any amended complaint, Cavka must allege in a non-conclusory fashion how he suffered an economic injury as a result of SoulCycle's violations of the HSSCL.

### IV. **CONCLUSION**

For the foregoing reasons, SoulCycle's Motion to Dismiss for lack of subject matter jurisdiction is DENIED IN PART. The Court reserves judgment on the proper disposition of Cavka's request for injunctive relief until Cavka files an amended complaint. SoulCycle's Motion to Dismiss for failure to state a claim is GRANTED WITH LEAVE TO AMEND. Plaintiff is given leave to file a First Amended Complaint within **21 days** of this Order. Failure to file a First Amended Complaint by that date shall be deemed consent to the dismissal of this action.