NEWMEYER & DILLION LLP
ROBERT K. SCOTT, CBN 67466
STEPHEN M. HAUPTMAN, CBN 226123
895 Dove Street, 5th Floor
Newport Beach, California 92660
(949) 854-7000; (949) 854-7099 (Fax)

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKO CAVKA, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>SOULCYCLE, INC., a Delaware corporation,<br><br>     Defendant. | CASE NO.: 8:16-CV-01821-JLS-KES<br><br>JUDGE: JOSEPHINE L. STANTON<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CALIFORNIA CIVIL CODE §§ 1812.80 ET SEQ.**<br><br>**(2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.**<br><br>**JURY TRIAL DEMAND**<br><br>FILE DATE:  August 26, 2016<br>TRIAL DATE SET: No Date Set |

## **GENERAL ALLEGATIONS**

1. Plaintiff Marko Cavka ("PLAINTIFF") is informed and believes and based thereon alleges that Defendant SoulCycle, Inc. ("SOULCYCLE") is liable for the events and violations alleged herein and has proximately caused damages to PLAINTIFF and other California residents as a result of their violations of California's Health Studio Services Contract Law, Civil Code §§ 1812.80 et seq. ("HSSCL") and California's Unfair Competition Law, Business and Professions Code §§ 17200 et seq. ("UCL").

6672046.1

NEWMEYER & DILLION LLP

NEWMEYER & DILLION LLP

**Jurisdiction and Venue**

2.     This lawsuit was originally filed by PLAINTIFF in the Superior Court of California in Orange County since it involved SOULCYCLE's violations of California law and because PLAINTIFF is a resident of Orange County, California, SOULCYCLE is authorized to and does in fact conduct business in Orange County, California and many of the acts and transactions giving rise to this action occurred in Orange County, California.

3.     SOULCYCLE removed this action to the United States District Court for the Central District of California.  While reserving all rights and defenses related to jurisdiction, PLAINTIFF alleges that this Court has diversity jurisdiction over PLAINTIFF's claims herein regarding SOULCYCLE's violations of California law under 28 U.S.C. Section 1332.  Upon further information and belief, venue would be proper in this District since many of the acts and transactions giving rise to this action occurred within the jurisdiction of this District.

**Parties**

4.     PLAINTIFF is and, at all relevant times to this action, was an individual residing in the County of Orange, State of California.  In addition, during and at all relevant times herein mentioned, PLAINTIFF was a "customer" and "buyer" as such terms are used and defined in HSSCL.

5.     SOULCYCLE is and, at all relevant times to this action, was a Delaware corporation, authorized to conduct business and, in fact, conducting business in the County of Orange, State of California, as well in other cities and counties throughout the State of California.  In addition, during and at all times herein mentioned, SOULCYCLE was a "health studio" as such term is used and defined in HSSCL, and SOULCYCLE provided "health studio services" as such term is used and defined in HSSCL.

**FACTUAL ALLEGATIONS**

6.     Pursuant to California Civil Code § 1812.80(a), "[t]he Legislature

- 2 -

1    finds that the health studio industry has a significant impact upon the economy and

2    well-being of this state and its local communities; and that the provisions of this

3    title relating to contracts for health studio services are **necessary for the public**

4    **welfare.**" (Emphasis added.)

5      7. California Civil Code § 1812.80(b) provides that "[t]he Legislature

6    declares that **the purpose of this title is to safeguard the public** against fraud,

7    deceit, imposition and financial hardship, and to foster and encourage competition,

8    fair dealing, and prosperity in the field of health studio services by prohibiting or

9    restricting false or misleading advertising, onerous contract terms, harmful financial

10   practices, and other unfair, dishonest, deceptive, destructive, unscrupulous,

11   fraudulent, and discriminatory practices **by which the public has been injured** in

12   connection with contracts for health studio services." (Emphasis added.)

13     8. Pursuant to California Civil Code § 1812.81, a "contract for health

14   studio services" "means a contract for instruction, training or assistance in physical

15   culture, body building, exercising, reducing, figure development, or any other such

16   physical skill, or for the use by an individual patron of the facilities of a health

17   studio, gymnasium or other facility used for any of the above purposes…".

18     9. SOULCYCLE operates indoor cycling studios where contracts for

19   indoor biking classes are offered to California customers.  Such classes provide

20   SOULCYCLE's customers with instruction, training or assistance in physical

21   culture, exercising, reducing, figure development and other physical skill at

22   SOULCYCLE's facilities.  SOULCYCLE does business and operates such indoor

23   cycling studios throughout the State of California.  Accordingly, SOULCYCLE is a

24   "health studio" entering into contracts with customers for "health studio services"

25   as such terms are defined by HSSCL, and SOULCYCLE is thereby obligated to

26   meet and satisfy all of the requirements of HSSCL in order to prevent harm to the

27   public.

28     10. Contracts for SOULCYCLE's health studio services in California,

NEWMEYER & DILLION LLP

6672046.1

including indoor biking classes, are almost exclusively entered into by customers online.  Upon visiting SOULCYCLE's website, http://www.soulcycle.com/, the customer can choose the number of classes permitted under the contract and the corresponding contract price.  Only after a contract is entered into with SOULCYCLE online can the customer reserve cycling classes at one of SOULCYCLE's studios, which reservations are also made online.

11.     SOULCYCLE's contracts with California customers range from 1 to 50 classes and encompass contract prices between $20 and $4,000.  The number of classes selected by the customer on SOULCYCLE's website dictates the length of the term of the contract.  For example, a "First Time Ride" or "1 Class" contract "Expires in 30 days," a "5 Classes" contract "Expires in 45 days," and so on.

12.     After the customer selects the number of classes under its contract with SOULCYCLE on the website, he or she is directed to a payment screen where payment information is supplied by the customer.  This screen also includes the following language: **"We're sorry, but at this time we can not do returns or exchanges for online orders."**

13.     At the time the customer enters his or her payment information on SOULCYCLE's website he or she required to check a box that provides: "I understand and accept the **terms and conditions**."  The terms "**terms and conditions**" on this page are hyperlinked and take the customer to a separate page titled "**Terms and Conditions**."  However, such terms and conditions do not apply to or even reference actual contract terms between SOULCYCLE and its customers, and provide no information related to a contractual relationship between SOULCYCLE and its customers or to the terms and conditions related to the health studio services provided by SOULCYCLE to its customers.  Instead, such "Terms and Conditions" merely provide as follows: "**<u>This policy governs your use of the SoulCycle Website (the "Website") and the SoulCycle Mobile Application (the "App")</u>**." (Emphasis added.)  Further, most of the purported "terms and

NEWMEYER & DILLION LLP

conditions" listed concern solely SOULCYCLE's rights and interests, and the "Terms and Conditions" page does not include any integration or merger clause.  A true and accurate copy of the "Terms and Conditions" page that customers are provided access to upon entering their payment information on SOULCYCLE's website is attached hereto as Exhibit "A."

14.   At the time the customer enters his or her payment information, and checks the box to signify understanding and accepting the "terms and conditions," a contract is entered into with SOULCYCLE.  The customer is then taken to a confirmation page and also sent a "confirmation email."  The "confirmation email," which is also designated as a "Rider Receipt," identifies the number of classes permitted under the contract with SOULCYCLE and confirms the payment information provided by the customer.  The "confirmation email" also includes language regarding the customer's *inability* to cancel the contract with language such as the following: "We're sorry, at this time we can not do returns or exchanges," "Exchanges/store credit only," "No refunds" and/or "Honored within 30 days of purchase."  The "confirmation email" contains no other terms or information relative to the contract between SOULCYCLE and its customer, and no other information, written or otherwise, is provided to the customer at the time of entering into a contract with SOULCYCLE.  A true and accurate copy of the "confirmation email" that was sent to PLAINTIFF upon entering into a contract with SOULCYCLE is attached hereto as Exhibit "B."

15.   Accordingly, the actual, written contracts between SOULCYCLE and all of its California customers include only two conceivable documents – the "Terms and Conditions" page which is hyperlinked and checked at the time the customer enters his or her payment information on the website (although, as explained above, such terms and conditions provide no information relative to the contract terms or the contractual relationship between SOULCYCLE and its customers) and the "Ryder Receipt" or "confirmation e-mail" (which, as also

6672046.1

NEWMEYER & DILLION LLP

1   explained above, merely identifies the payment information provided by the

2   customer, the number of allowed classes and represents that the customer *cannot*

3   cancel their contract).  There are no other documents provided by SOULCYCLE to

4   its California customers, whether physically or electronically, at the time of

5   entering into a contract for biking classes.  Further, any other information that

6   might be ascertainable by a customer on SOULCYCLE's website (e.g., information

7   contained in the "Frequently Asked Questions" section of SOULCYCLE's website)

8   is not a part of the actual written contract between SOULCYCLE and its customers.

9       16.    The fact that contracts for health studio services can only be entered

10  into by SOULCYCLE's customers online does not negate, limit or modify

11  SOULCYCLE's obligations and requirements under HSSCL.  Rather, health

12  studios that only enter into contracts with customers online, like SOULCYCLE,

13  should be meticulously examined to ensure strict compliance with HSSCL in light

14  of the clear Legislative intent to "safeguard the public against fraud, deceit,

15  imposition and financial hardship, and to foster and encourage competition, fair

16  dealing, and prosperity in the field of health studio services."  By way of example,

17  Courts should be vigilant to prevent SOULCYCLE from failing to include

18  statutorily-required disclosures in their written contracts with California customers

19  and instead hiding such required terms from its customers in separate, non-

20  integrated areas of its website (e.g., in a "FAQs" section of the website).

21      17.    While SOULCYCLE offers its customers contracts for "classes" at

22  their health studios, as opposed to short-term or long-term memberships, it is still

23  subject to and obligated to comply with HSSCL.  There is no language or

24  requirement in HSSCL indicating that its provisions only apply to "memberships"

25  for heath studio services, and there are no distinctions for the name or manner used

26  to identify the health studio services provided to customers.

27      18.    In light of the above, all contracts between SOULCYCLE and its

28  customers in California for health studio services, including indoor biking classes,

6672046.1

NEWMEYER & DILLION LLP

NEWMEYER & DILLION LLP

1    are in violation of California's HSSCL.  For example, SOULCYCLE's contracts

2    with its customers for health studio services in California violate the following

3    specific laws:

4           a.    A complete copy of the written contract between SOULCYCLE

5    and its customers is not actually provided to the customer at the time the customer

6    signs the contract, which is in violation of Civil Code § 1812.82.  As provided

7    above, the only conceivable written documents actually provided to customers at

8    the time they enter into a contract with SOULCYCLE for health studio services are

9    the "Terms and Conditions" (for use of the SOULCYCLE's website and mobile

10   application) and the "Ryder Receipt" or "confirmation e-mail."  However, such

11   documents do not provide the material terms of the contract between SOULCYCLE

12   and its customers, let alone the required statutory terms under HSSCL.  Rather,

13   such required contractual terms are materially misrepresented in the documents that

14   are provided by SOULCYCLE to its customers and/or are actively concealed by

15   SOULCYCLE on SOULCYCLE's website.  Furthermore, a customer's purported

16   ability to review "Frequently Asked Questions" by other SOULCYCLE customers,

17   or other non-integrated areas of SOULCYCLE's website, is insufficient to comply

18   and does not comply with the requirements of Civil Code §1812.82.

19          b.    The contracts between SOULCYCLE and its customers do not

20   contain a "statement printed in a size at least 14-point type that discloses the length

21   of the term of the contract" "above the space reserved for the signature," which is in

22   violation of Civil Code § 1812.84(b).  This statutory provision specifically requires

23   a health studio to identify the term of its contract with the customer in a certain font

24   and at a certain location in the written contract.  SOULCYCLE's non-compliant

25   reference to the expiration of a contract on its website *prior to* a customer entering

26   into the contract, or its vague and unclear reference to the term in an e-mail receipt

27   sent to a customer *after* entering into the contract (which also fails to include

28   requisite language regarding a customer's ability to cancel the contract, as further

1  described below), constitute clear violations of the law. Moreover, SOULCYCLE

2  not only fails to include the required disclosures of the contract term in the

3  contracts with its customers, it also actively misinforms its customers of the

4  contract terms and the customers' rights to cancel.

5          c.     The contracts between SOULCYCLE and its customers do not

6  contain the requisite language related to the customers' rights to cancel the contract

7  in violation of Civil Code § 1812.85(b)(1), and instead contain language that

8  illegally prohibits customers from cancelling their contracts. This statute requires

9  "every contract" for health studio services to include the following language: "You,

10  the buyer, may cancel this agreement at any time prior to midnight of the fifth

11  business day of the health studio after the date of this agreement, excluding

12  Sundays and holidays. To cancel this agreement, mail or deliver a signed and dated

13  notice, or send a telegram which states that you, the buyer, are canceling this

14  agreement, or words of similar effect." This statutory provision requires a health

15  studio to include certain express language relative to a customer's rights to cancel,

16  which SOULCYCLE not only neglects to provide to its customers, but also

17  affirmatively misstates in its actual contracts to the detriment of PLAINTIFF and

18  the public, and SOULCYCLE is therefore in violation of this statutory provision.

19          d.     Pursuant to SOULCYCLE's contracts with its customers,

20  SOULCYCLE requires its customers to execute onerous, egregious and illegal

21  waivers of liability in violation of numerous provisions in Civil Code §§ 1812.80 et

22  seq. A true and accurate copy of the "New Rider Waiver Form" that customers are

23  required to execute prior to participating in a SOULCYCLE class pursuant to their

24  contracts is attached hereto as Exhibit "C." Such waivers require a customer to

25  waive certain provisions of HSSCL and therefore specifically violate Civil Code §

26  1812.93, which provides that "[a]ny waiver of the buyer of the provisions of this

27  title shall be deemed contrary to public policy and shall be void and unenforceable."

28          e.     SOULCYCLE's contracts with its customers also fail to include

NEWMEYER & DILLION LLP

- 8 -

NEWMEYER & DILLION LLP

1   the requisite clause providing that "if, by reason of death or disability, the person

2   agreeing to receive services is unable to receive all services for which he has

3   contracted, he and his estate shall be relieved form the obligation of making

4   payment for services other than those received prior to death or the onset of

5   disability, and that if he has prepaid any sum for services, so much of the such sum

6   as is allocable to services he has not taken shall be promptly refunded to him or his

7   representative," which is in violation of Civil Code § 1812.89(a)(1).

8        19.    California Civil Code §1812.91 specifically provides that "[a]ny

9   contract for health studio services which does not comply with the applicable

10   provisions of this title shall be void and unenforceable as contrary to public policy."

11   It is clear that the intent of the California Legislature in enacting HSSCL was to

12   void contracts where a health studio failed to strictly comply with the specific, or

13   even technical, requirements of HSSCL for purposes of safeguarding the public and

14   regardless of whether or not an individual customer sustained any particular injury

15   or harm as a result of such violations.  Notwithstanding this clear Legislative intent

16   to "safeguard the public," every individual customer that enters into a contract with

17   SOULCYCLE, which contracts violate the provisions of HSSCL as explained

18   above, is specifically injured and harmed by, among other things, paying money or

19   fees to SOULCYCLE pursuant to a "void and unenforceable" contract and not

20   being otherwise made aware of his or her statutory rights under HSSCL.

21        20.    By willfully ignoring and violating California's HSSCL,

22   SOULCYCLE receives a windfall of ill-gotten and illegal profits and benefits.  For

23   example, by setting onerous and illegal time periods on contracts with its

24   customers, and failing to properly identify such time periods in those contracts or

25   advise its customers of their statutory rights to cancel such contracts, SOULCYCLE

26   ensures the contracts will expire and SOULCYCLE unlawfully retains forfeited

27   contract payments from its customers.   In addition, by neglecting to adhere to the

28   well-established laws when entering into health studio service contracts with

6672046.1

customers in California, SOULCYCLE is unjustly enriched by not having to invest the time, expense or resources for contract administration and management, which is in direct violation of another Legislative intent of HSSCL "to foster and encourage competition, fair dealing, and prosperity in the field of health studio services." Lastly, by requiring its customers to execute illegal waivers and then attempting to preclude customers from exercising their legal rights, SOULCYCLE receives a cognizable and illegal financial benefit.

21. On or around July 5, 2016, through SOULCYCLE's website, PLAINTIFF entered into a contract with SOULCYCLE for health studio services, specifically for indoor cycling classes at SOULCYCLE's facilities in California. PLAINTIFF specifically entered into a "1 Class" contract with SOULCYCLE for which he issued payment of $30.00.

22. A complete and statutorily compliant written copy of the contract between PLAINTIFF and SOULCYCLE was not provided to PLAINTIFF at the time he signed the contract, as required by Civil Code § 1812.82. Instead, as indicated above, at the time he entered into the contract with SOULCYCLE, PLAINTIFF checked a box signifying his understanding and acceptance of the "terms and conditions" (which terms and conditions only apply to the use of SOULCYCLE's website and mobile app) and he thereafter received a "Rider Receipt" via e-mail (which merely indicated the type of contract entered into by PLAINTIFF and the payment information used for same). Further, the "Rider Receipt" sent to PLAINTIFF provided: "We're sorry, at this time we can not do returns or exchanges," thereby actively misinforming Plaintiff of his statutory rights to cancel the contract. Neither the "Terms and Conditions" nor the "Rider Receipt," which are the only conceivable written documents provided to PLAINTIFF at the time he signed or entered into a contract with SOULCYCLE, are sufficient to constitute a "written copy of the contract" between PLAINTIFF and SOULCYCLE that was required to be provided to PLAINTIFF under Civil Code §

6672046.1

SECOND AMENDED CLASS ACTION COMPLAINT

NEWMEYER & DILLION LLP

1812.82.

23.    The "Terms and Conditions" and "Rider Receipt" also failed to include a "statement printed in a size at least 14-point type that discloses the length of the term of the contract" "above the space reserved for [PLAINTIFF's] signature" or the requisite language related to the PLAINTIFF's statutory rights to cancel the contract with SOULCYCLE (i.e., "You, the buyer, may cancel this agreement at any time prior to midnight of the fifth business day of the health studio after the date of this agreement, excluding Sundays and holidays.  To cancel this agreement, mail or deliver a signed and dated notice, or send a telegram which states that you, the buyer, are canceling this agreement, or words of similar effect.")

24.    PLAINTIFF's contract with SOULCYCLE therefore did not comply with the provisions of HSSCL, and is thus "void and unenforceable as contrary to public policy."  PLAINTIFF was injured as a result of SOULCYCLE's conduct by not being made aware of his statutory rights under HSSCL, which information SOULCYCLE was explicitly required to provide in the contract, and by paying fees to SOULCYCLE to enter into a "void and unenforceable contract."  The public is also injured by SOULCYCLE's illegal and deceitful contracting practice, as described herein, which includes neglecting to identify the customer's statutory rights in the contract, accepting payments and fees pursuant to void and unenforceable contracts, and retaining illegally forfeited contract payments.

25.    In addition, upon information and belief, SOULCYCLE charges its customers a premium for contracts for indoor cycling classes, which amounts are significantly higher than those charged by health studios offering similar services in the same locations that SOULCYCLE operates.  Upon further information and belief, SOULCYCLE bills itself as an "exclusive" health studio, marketing to affluent clientele and operating only in affluent areas, and touts its celebrity following and its partnerships with luxury brands in order to further justify premiums charged to customers for indoor cycling classes.  However, in light of

6672046.1

NEWMEYER & DILLION LLP

SOULCYCLE's business model, and illegal contracting process, as described hereinabove, the value of the contracts between SOULCYCLE and its customers, including the contract entered into with PLAINTIFF, are significantly less than what such customers, and PLAINTIFF, actually pay to SOULCYCLE.  For example, the value of the contract that PLAINTIFF entered into with SOULCYCLE, which was not actually provided to him as required by law, did not include a statutory right to cancel, did not include statutory relief to the extent PLAINTIFF died or became disabled, and required the execution of unlawful waivers of liability, was worth significantly less than what PLAINTIFF actually paid to SOULCYCLE.

26.     Due to unforeseen conflicts with his schedule, PLAINTIFF was unable reserve a class at one of SOULCYCLE's studios within the illegal and improper term designated for the contract by SOULCYCLE, i.e., within 30 days of entering into the contract, and he therefore was required to forfeit the payments he made to SOULCYCLE pursuant to his contract.  However, if SOULCYCLE had included the required disclosures in the contract regarding PLAINTIFF's actual legal rights to cancel the contract, instead of misrepresenting to PLAINTIFF that he could not cancel the contract, PLAINTIFF would have exercised his statutory rights and cancelled, and thereby avoided having to forfeit his contract payment.  Such forfeited contract payment made to SOULCYCLE by PLAINTIFF constitutes yet further injury and harm sustained by PLAINTIFF as a result of SOULCYCLE's violations of HSSCL.  In addition, PLAINTIFF experienced feelings of frustration, annoyance and/or anxiety because he believed he was not able to cancel the contract and receive a refund, and would instead have to forfeit his contract payment to SOULCYCLE,

27.     To the extent SOULCYCLE modifies its contracting process to comply with the law, and is willing to provide a contract to PLAINTIFF in the future that complies with the requirements of HSSCL, Plaintiff would be willing to

- 12 -

enter into an agreement with SOULCYCLE for future indoor cycling classes.

## CLASS ACTION ALLEGATIONS

28.    PLAINTIFF is a members of the class (the "CLASS" or "CLASS MEMBERS") defined as:

> All individuals within the State if California who entered into an agreement for indoor cycling class services with SOULCYCLE, which was identical or substantially similar to the contracts between PLAINTIFF and SOULCYCLE, within the four years prior to the filing of this action.

29.    Excluded from the CLASS are SOULCYCLE's officers, directors, employees, agents, affiliates, legal representatives, attorneys at law, and assignees. Also specifically excluded is any justice, judge, judicial officer, court personnel, or juror assigned to any part of this case.

30.    Pursuant to California Civil Code § 1780 and Business & Professions Code §§ 17200 et seq., PLAINTIFF brings this action individually, on behalf of the general public, and on behalf of all individuals similarly situated, as a California only class action.

31.    This civil action may be properly maintained as a California class action pursuant to the provisions of Code of Civil Procedure § 382 and Civil Code § 1781 because there is a well-defined community of interest in the litigation and the proposed class is readily ascertainable.

32.    **Numerosity**: The CLASS is so numerous that individual joinder of all members is impractical under the circumstances of this case.  While the exact number of class members is unknown to PLAINTIFF at this time, it is believed that the CLASS has in excess of 100,000 members.

33.    **Common questions of law and fact predominate**: Common questions of law and fact exist as to all members of the CLASS and predominate over any questions which affect only individual members of the CLASS. These

- 13 -

NEWMEYER & DILLION LLP

Newmeyer & Dillion LLP

common questions of law and fact include:

        a.      Whether SOULCYCLE violated HSSCL;

        b.      Whether SOULCYCLE's business acts and practices violated UCL;

        c.      Whether the contracts between the CLASS MEMBERS and SOULCYCLE are void  and unenforceable as contrary to public policy;

        d.      The class-wide nature of SOULCYCLE's course of conduct;

        e.      The amount of additional revenues and profits obtained by SOULCYCLE attributable to their alleged unlawful conduct;

        f.      The appropriate nature of class-wide equitable relief including corrective and remedial action;

        g.      Whether the members of the CLASS are entitled to restitution as a result of SOULCYCLE's conduct, and if so, what is the proper measure and appropriate formula to be applied in determining such restitution; and

        h.      Whether the members of the CLASS have sustained damages as a result of SOULCYCLE's conduct, and if so, what is the proper measure and appropriate formula to be applied in determining such damages.

34.    **Typicality**: PLAINTIFF's claims are typical of the claims of the members of the CLASS, which sustained injuries and damages arising out of SOULCYCLE's common course of conduct in violating the laws complained of herein, given that PLAINTIFF and each member of the CLASS entered into the subject allegedly unlawful contracts with SOULCYCLE.  The injuries of each CLASS member were caused directly by SOULCYCLE's wrongful conduct in violation of the law as alleged herein.  The policies, procedures, and practices utilized by SOULCYCLE are part of a common course of conduct of unlawful, deceptive acts and practices.  As a result, the issues affecting all members of the CLASS predominate over those issues, which affect only the interest of any individual CLASS member.

- 14 -

35.   **Adequacy**: PLAINTIFF will fairly and adequately protect the interest of the members of the CLASS.  PLAINTIFF is an adequate representative of the CLASS as he has no interests that are adverse to the interests of absent CLASS members.  PLAINTIFF has retained counsel who has experience and success in the prosecution of consumer protection actions, including class actions.

36.   In this case, a class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the CLASS is impractical.  Furthermore, as the damages or injuries suffered by each individual member of the CLASS may be relatively small, the expense and burden of individual litigation would make it difficult or practically impossible for individual members of the CLASS to adequately redress the wrongs done to them.  The cost to the court system for adjudication of individualized litigation for the matters stated in this Complaint would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## FIRST CAUSE OF ACTION

### Violations of California Civil Code § § 1812.80 et seq.

37.   PLAINTIFF repeats, re-alleges, and incorporates the allegations made in the previous paragraphs of the Complaint as if stated fully herein.

38.   California Civil Code §§ 1812.80 et seq. regulate health studio contracts, which the California legislature has deemed necessary for the public welfare.  This section safeguards the public from fraud, deceit, and imposition of financial hardship, while at the same time fostering competition and fair dealing.

39.   SOULCYCLE operates indoor cycling studios throughout the State of California. SOULCYCLE provides indoor cycling classes and services to the public for the payment of fees. Such services are subject to the provisions of HSSCL.

40.   PLAINTIFF and the CLASS MEMBERS entered into contracts with SOULCYCLE for health studio services, specifically indoor cycling classes.

- 15 -

6672046.1

NEWMEYER & DILLION LLP

41.     Such contracts violate the provisions of HSSCL in the following ways:

a.     A complete copy of the written contract was not provided to PLAINTIFF or the CLASS MEMBERS in violation of Civil Code § 1812.82, and the actual terms of the contracts were actively concealed on SOULCYCLE's website.

b.     The contracts do not contain a "statement printed in a size at least 14-point type that discloses the length of the term of the contract" "above the space reserved for the signature" in violation of Civil Code § 1812.84(b), and SOULCYCLE actively misinformed PLAINTIFF and the CLASS MEMBERS of the contract terms.

c.     The contracts do not contain the requisite language related to the customers' rights to cancel the contract in violation of Civil Code §§ 1812.85(b)(1) and 1812.89(a)(1), and SOULCYCLE actively misinformed PLAINTIFF and the CLASS MEMBERS of their rights to cancel the contracts.

d.     The contracts do not contain the requisite language related to a customer's right to relief upon death or disability in violation of Civil Code §§ 1812.89(a)(1).

e.     The contracts require PLAINTIFF and the CLASS MEMBERS to execute onerous and egregious waivers of liability in violation of numerous provisions in HSSCL, which therefore violates Civil Code § 1812.93.

42.     In entering into such contracts with PLAINTIFF and the CLASS MEMBERS, SOULCYCLE therefore violated HSSCL.

43.     Pursuant to Civil Code § 1812.91, such contracts with PLAINTIFF and the CLASS MEMBERS are void and unenforceable as against public policy.

44.     PLAINTIFF and the CLASS MEMBERS have suffered damages as a direct and proximate result of SOULCYCLE's violations of law as alleged herein in an amount in excess of the jurisdictional limits of this Court to be proven at the time of trial.

NEWMEYER & DILLION LLP

45.     Pursuant to Civil Code § 1812.94(a), PLAINTIFF and the CLASS MEMBERS are entitled to judgment "for three times the amount at which the actual damages are assessed plus reasonable attorney fees."

46.     In addition, PLAINTIFF and the CLASS MEMBERS allege that the aforementioned conduct was undertaken by SOULCYCLE with an intent to harm PLAINTIFF and the CLASS MEMBERS, or was undertaken with a conscious disregard for the rights of PLAINTIFF and the CLASS MEMBERS and was despicable, or fraudulent in nature, such as to warrant an award of punitive damages against SOULCYCLE, as set forth in Civil Code § 3294 and in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Violations of the California Business and Professions Code §§ 17200 et seq.

47.     PLAINTIFF repeats, re-alleges, and incorporates the allegations made in the previous paragraphs of the Complaint as if stated fully herein.

48.     California Business and Professions Code §§ 17200 et seq. prohibit unfair, unlawful, and fraudulent business practices.

49.     Pursuant to its violations of HSSCL, as alleged herein, SOULCYCLE has engaged in unfair, unlawful and fraudulent business practices as defined by UCL.

50.     Upon information and belief, SOULCYCLE has taken the actions and engaged in the conduct alleged herein with the intent to injure PLAINTIFF and the CLASS MEMBERS and to gain an unfair competitive advantage in the marketplace for health studio services.

51.     SOULCYCLE's acts or omissions as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes. Further, SOULCYCLE's conduct is unfair because it offends established public policy and/or is unethical, oppressive, unscrupulous, and substantially injurious to consumers.

NEWMEYER & DILLION LLP

52.    SOULCYCLE's conduct has caused substantial injury, which was not reasonably avoidable by PLAINTIFF or the CLASS MEMBERS, and is not outweighed by countervailing benefits to consumers or to competition.

53.    SOULCYCLE is engaging, has engaged, and there is a substantial likelihood that they will continue to engage in this unlawful and unfair competition unless enjoined by this Court.  As such, pursuant to Business and Professions Code § 17203, SOULCYCLE should be enjoined from unlawful and unfair business acts. To the extent SOULCYCLE modifies its contracting process to comply with the law, and is willing to provide a contract to PLAINTIFF and the CLASS MEMBERS that complies with HSSCL, PLAINTIFF and the CLASS MEMBERS would be be willing to enter into contracts with SOULCYCLE for future indoor cycling classes.

54.    As a direct and proximate result of SOULCYCLE's unlawful, unfair, and fraudulent conduct, PLAINTIFF and the CLASS MEMBERS have suffered and will continue to suffer substantial actual losses, and SOULCYCLE has been unjustly enriched in amounts to be determined at trial for which PLAINTIFF and the CLASS MEMBERS are entitled to restitution.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands judgment against SOULCYCLE as follows:

1.    That this case be certified as a class action, with PLAINTIFF as CLASS representative and PLAINTIFF's counsel as CLASS counsel;

2.    For restitution, disgorgement, rescission, injunctive relief, and other equitable relief as may be just;

3.    For compensatory damages in an amount to be determined at trial;

4.    Pursuant to Business and Professions Code § 17203, that SOULCYCLE be permanently enjoined from violating Business and Professions Code §§ 17200, et seq., in connection with the violations alleged in this Complaint;

- 18 -

NEWMEYER & DILLION LLP

5.   Restitution under § 17203 of the Business and Professions Code;

6.   Triple actual damages pursuant to Civil Code §§ 1812.94;

7.   Prejudgment interest;

8.   An order enjoining the unfair and deceptive methods, acts, and practices detailed herein;

9.   Punitive damages according to proof;

10.   Attorney's fees and costs; and

11.   Any other and further relief that the court considers proper.

Dated:      February 17, 2017          NEWMEYER & DILLION LLP

By: _____
          Robert K. Scott
          Stephen M. Hauptman
          Attorneys for Plaintiff

## TRIAL BY JURY

PLAINTIFF and the CLASS are entitled to, and hereby demand, a trial by jury.

Dated:      February 17, 2017          NEWMEYER & DILLION LLP

By: _____
          Robert K. Scott
          Stephen M. Hauptman
          Attorneys for Plaintiff

6672046.1

SECOND AMENDED CLASS ACTION COMPLAINT

NEWMEYER & DILLION LLP

EXHIBIT "A"

6205333.1

find/buy classes

## SOULCYCLE

# Terms and Conditions

## Terms

This policy governs your use of the SoulCycle Website (the "Website") and the SoulCycle Mobile Application (the "App"). The Website and the App are designed to allow users to make class/series purchases, register for classes, book bikes, buy merchandise, and communicate with SoulCycle Inc. ("SoulCycle").

## General Statement on Privacy, Personal Data, and Communications

If you use the Website or the App, you are responsible for maintaining the confidentiality of your account, password, and for restricting access to your computer or device. You agree to accept responsibility for all activities that occur under your account and password.

When you visit the Website, use the App, or communicate with SoulCycle via email, you are communicating electronically. You consent to receive communications from SoulCycle electronically. SoulCycle will communicate with you by email or by posting notifications on the Website and/or the App. You understand and agree that all agreements, notices, disclosures, and other communications that SoulCycle provides electronically satisfy any legal requirement that such communications be in writing.

## User Provided Information

SoulCycle does not collect any personal information about individuals – such as names and postal codes, home addresses, and email addresses – except when such information is knowingly provided to SoulCycle. Personal information might be obtained from online transactions such as class/series purchases, retail purchases, and/or class registrations. Additionally, personal information may be transmitted as part of a form submission or in connection with other activities or services made available on the Website or App. Any personal identification information retrieved by SoulCycle must be voluntarily submitted by the user.

8/8/2016                                    Legal

SOULCYCLE                                                    find/buy classes

SoulCycle may use the information provided to contact you with important information, required notices, and marketing promotions.

## Automatically Collected Information

The Website and App collect some anonymous information about users automatically when individuals request pages through a browser. This information is used to keep track of the shopping cart and to help us monitor how individuals use the Website and App, which allows SoulCycle to provide an optimal experience and better service throughout the online offerings. The information collected automatically by the server does not contain anything that can identify individuals personally, such as an email or home address.

## Security Statement

SoulCycle makes every effort to ensure that all of the transactions that occur on the Website and App are secure. All credit card numbers and transactions are encrypted using 128-bit Secure Socket Layer (SSL) encryption. We are concerned about safeguarding the confidentiality of your information. We provide physical, electronic, and procedural safeguards to protect information we process and maintain. For example, we limit access to this information to authorized employees and contractors who need to know that information in order to operate, develop or improve the Website and App. Please be aware that, although we endeavor to provide reasonable security for information we process and maintain, no security system can prevent all potential security breaches.

## What is a Secure Connection?

When a secure connection is established between your browser and a website, any data that is transferred over the connection will be encrypted to prevent it from being viewed by a third party. SSL encryption makes it very difficult for anyone to intercept or decode messages exchanged over this type of secure connection.

Browsers such as Internet Explorer, Firefox, and Safari display an image of a locked padlock on their status bar when connected to a secure site. Google Chrome shows a green locked padlock on the far left side of the status bar when there is a secure SSL connection. Firefox colors the address bar yellow when connected to a secure site.

8/8/2016                                                   Legal

Secure transactions are also indicated when the prefix in the location bar of your browser switches from http:// or https://. The additional 's' stands for 'secure' and indicates a secure connection to the SoulCycle website. If you do not see this padlock, if it is unlocked, or if the protocol in the location bar is not listed as https://, then any data exchanged with the website is potentially visible to others.

Depending on your browser, you may be able to view authentication information about a secure page by double-clicking on the padlock icon in the status bar. For more information on how your software establishes a secure connection, see the help files for your particular browser.

## Cookies

A cookie is a small text file that is sent to your browser from a website and stored on your computer's hard drive. Cookies cannot read data from your hard disk or read cookie files that were created by other sites -- the website that creates a cookie is the only one a browser will permit to access it.

Like many other websites and applications, the Website and App use cookies to obtain certain types of information. For example, SoulCycle might use cookies to control access to certain features such as your password and account, to customize content areas, or to analyze site activity and user behavior. SoulCycle reserves the right to use cookies in the future in conjunction with new content or expanded functionality.

If you are concerned about the use of cookies, you can explore your web browser's options to notify you whenever a cookie is set, or to disallow cookies altogether. You should be aware that prohibiting the use of cookies will significantly restrict access to certain types of content or features.

## How Information is Used

The following are examples of how SoulCycle might use the personal information collected through the Website and/or App:

* If you purchase a SoulCycle series, sign up for a SoulCycle class, or purchase SoulCycle retail items, the required personal information (similar to that provided during a telephone

8/8/2016                                                                Legal

or mail order purchase) will be used to complete your order.

* If you indicate that you are interested in receiving SoulCycle related news and information, you may receive emails to the email address you provided as part of the registration process.

For the non-personally identifiable information collected throughout the Website or App:

* Aggregate data could be analyzed to describe the collective characteristics and behaviors of online visitors, and subsequently be used to further optimize the effectiveness of the website, the mobile application, and the overall SoulCycle experience.

You can help SoulCycle maintain the accuracy of your personal information by updating your account. Please update this information when you change your address, phone number, or email address. SoulCycle will never share telephone numbers, email addresses, or any personal data with third parties.

SoulCycle reserves the right to refuse service, terminate accounts, remove or edit content, or cancel orders, at its sole discretion.

## Privacy of Minors

If you are under 18, you may register and use the Website and App only with the involvement of a parent or guardian. SoulCycle does not accept the online registration of minors; please do not attempt to register on the Website if you are under the age of 18. Registration of a minor (ages 12-17) must be completed in person at one of our studios with a parent or guardian. Minors (ages 12-17) who meet the minimum height requirement of 4"11" and who have submitted a Minor New Rider Waiver Form signed by a parent or guardian, may sign up for classes online.

If SoulCycle discovers that personal information has been submitted by a minor without a signed participant/registration waiver, SoulCycle reserves the right to delete such information. SoulCycle does not seek or share personal information from minors throughout the Website or App.

## Reservations/Charges

8/8/2016                                                                Legal

In order to make a reservation, you must first own a single class or a series (multiple classes). To buy an individual class or series online, you can either sign up here by using your email and creating a password, or if you are already registered, click login to buy a series and make your reservation.

You should be aware that classes and series expire, and future prices are subject to change. We accept MasterCard, Visa, and American Express. Cash payments may only be made in a SoulCycle studio. You can reserve classes online up to 1 week in advance (Monday through the following Monday), but not later than 1 hour prior to class time. Deadlines apply regardless of available functionality.

Your credit/debit card will be charged for your order when you submit your reservation. SoulCycle will not process reservation charges that use an incorrect, expired, or over-the-limit credit card. We will make our best efforts to contact you if this occurs. If you fail to pay any fees or charges when due, services or privileges may be suspended or terminated. You shall be responsible and liable for any fees, including attorneys' fees and collection costs, that SoulCycle may incur in its efforts to collect any unpaid balances from you.

## Cancellation Policy

In order to cancel a bike reserved in a SoulCycle class and return it to your account, you must unreserve by 5 PM the night prior to the class. Once your bike is cancelled, the class will be returned to your account to be used at a future date; the class is not refunded. If you haven't cancelled your bike by 5 PM the night before, your scheduled class will be charged to your series.

You can cancel your reservation in the following ways:

1) Log into your account and, next to the class you wish to cancel, press "unreserve."

2) Call the studio where you're booked to cancel the class for you.

Please note, in fairness to all our customers, BIKES WILL BE RELEASED 4 MINUTES

8/8/2016                                                       Legal

BEFORE CLASS BEGINS.

FOR RIDERS RUNNING LATE: We ask that you call the studio to let us know you are on the way. The front desk will hold a reservation for up to 10 minutes after class begins though we cannot guarantee you will be given the bike you signed up for. Riders who are more than 10 minutes late will not be admitted into class as it is too disruptive.

FOR RIDERS LEAVING EARLY: If you're planning on leaving early, we kindly request that you tell the instructor ahead of time.

### Class Transfer Disclaimer

SoulCycle offers different series of classes so that our customers can select the options that best suit their individual needs. Customers may now take advantage of SoulCycle's Class Transfer to avoid the burdens of having to purchase separate class series based on the location in which they wish to ride. Before purchasing any class or series, it is important to read the written descriptions provided by SoulCycle of what is included in that class or series, and limitations on your ability to redeem them. For the convenience and flexibility of our customers, classes may be redeemed at any SoulCycle location that has a per class price that is equal to, or lesser than, the class or classes you have purchased. Upon the redemption of a class, a full class will be deducted from the series regardless of where the customer attended the class or whether the customer could have paid a lower price for a single class or series of classes at the location where the class was redeemed. In other words, you may choose to transfer a previously purchased, more expensive class, for a class that is available as part of a less expensive series or is less expensive on a per-class basis. Upon redemption, in exchange for the benefit of being able to use the class or classes you purchased at any location, you will be treated as having used a full class. If you do not wish to use Class Transfer for a lower priced class, you can simply purchase another class or series for the location in which you wish to ride.

Whether a class has been transferred has no impact on the expiration dates of the series or the cancellation policy for individual classes.

The expiration dates and cancellation policy for classes that have been transferred are identical to classes that have not been transferred.

8/8/2016                                    Legal

## Waiver and Release

By signing up for and/or attending classes, events, activities, and other programs and using the premises, facilities and equipment (individually and/or collectively, the "Classes and Facilities") of SoulCycle and its subsidiaries, you hereby acknowledge on behalf of yourself, your heirs, personal representatives and/or assigns, that there are certain inherent risks and dangers in indoor cycling and exercise equipment in association with the Classes and Facilities. You acknowledge that some of these risks cannot be eliminated regardless of the care taken to avoid injuries. You also acknowledge that the specific risks vary from one activity to another, but range from (1) minor injuries such as scratches, bruises, and sprains; (2) major injuries such as eye injury or loss of sight, joint or back injuries, heart attacks, and concussions; and (3) catastrophic injuries including paralysis and death. You have read and thoroughly understand the SoulCycle Bike Safety Instructions that are posted on SoulCycle's website (www.soul-cycle.com), a hard copy of which was also provided to me by SoulCycle staff. At all times, you shall comply with all stated and customary terms, posted safety signs, rules, and verbal instructions given to you by staff. If in the subjective opinion of the SoulCycle staff, you would be at physical risk participating in SoulCycle's Classes, you understand and agree that you may be denied access to the Classes and Facilities until you furnish SoulCycle with an opinion letter from your medical doctor, at your sole cost and expense, specifically addressing SoulCycle's concerns and stating that SoulCycle's concerns are unfounded. In consideration of being allowed to participate in and access the Classes and Facilities, you hereby (1) agree to assume full responsibility for any and all injuries or damage which are sustained or aggravated by you in relation to the Classes and Facilities, (2) release, indemnify, and hold harmless SoulCycle, its direct and indirect parent, subsidiary affiliate entities, and each of their respective officers, directors, members, employees, representatives and agents, and each of their respective successors and assigns and all others, from any and all responsibility, claims, actions, suits, procedures, costs, expenses, damages, and liabilities to the fullest extent allowed by law arising out of or in any way related to participation in the Classes or use of the Facilities, and (3) represent that you (a) have no medical or physical condition that would prevent you from properly using any of SoulCycle's Classes and Facilities, (b) do not have a physical or mental condition that would put you in any physical or medical danger, and (c) have not been instructed by a physician to not participate in physical exercise. You acknowledge that if you have any chronic disabilities or conditions, you are at risk in using SoulCycle's Classes and Facilities, and should not be participating in any Classes.

8/8/2016                                                     Legal

## Links/Third Party Websites

SoulCycle has not reviewed all the sites linked to the Website and/or App, and is not responsible for the content or any off-site pages or other linked sites. Although a third party website and/or app may contain the SoulCycle logo, please understand that it is independent from SoulCycle, and that SoulCycle has no control over the content of that website and/or app.

Going to third party or off-site websites from the Website and/or App is at your own risk. These links do not imply endorsement of, sponsorship of, or affiliation with SoulCycle.

## Intellectual Property Rights

The trademarks and trade dress of SoulCycle are proprietary to SoulCycle and may not be used by you for any reasons other than as expressly permitted by these terms. All Website and App content, design, text, graphics, and interfaces; the collection, selection, and arrangement thereof; and all software are property of, or duly licensed to, SoulCycle. You have the right to view, electronically copy, and print in hard copy portions of the Website and App for the sole purpose of making class reservations, purchases, or other personal use.

Any other use of materials on the Website, including modification, distribution, or reproduction for purposes other than those noted above, without the prior written permission of SoulCycle, is strictly prohibited.

You acknowledge that SoulCycle and/or third party content providers remain the owners of all Website and App materials, and that you do not acquire any of those ownership rights by downloading, copying, or using any such material in accordance with these Terms and Conditions. SoulCycle may discontinue or remove the Website or App, or any portion thereof, or discontinue your right to use the Website or App, or any portion thereof, at any time.

## NOT AUTHORIZED TO PERFORM DATA MINING

You are not authorized without the prior written permission of SoulCycle to use any computer code, data mining software, "robot," "bot," "spider," "scraper" or other automatic device, or program, algorithm or methodology having similar processes or

Legal

automatic device, or program, algorithm or methodology having similar processes or functionality, or any manual process, to monitor or copy any of the web pages, data or content found on this Website and/or App or accessed through this Website and/or App. You also may not engage in the mass downloading of files from this Website and/or App; use the computer processing power of this Website and/or App for purposes other than those permitted above; flood this site with electronic traffic designed to slow or stop its operation; or establish links to or from other websites to this Website.

## NOT AUTHORIZED TO USE THIS WEBSITE FOR COMMERCIAL PURPOSES

Users are not authorized to sell, reproduce, distribute, modify, display, publicly perform, report or otherwise prepare derivative or second hand works based on any of SoulCycle's material in any way for any public or commercial purpose. Thus, you are not authorized to (i) resell or make commercial use of this site or its contents; (ii) collect or use any product listings, descriptions, photographs or prices displayed on this Website and/or App in connection with the sale or resale of any SoulCycle products or for other commercial purposes; or (iii) create, reproduce and/or distribute any materials derived from the content provided on this Website and/or App. Furthermore, SoulCycle's material may not be displayed or communicated on any other website and/or app, in a networked computer environment or other digital support for any purpose whatsoever. In the event of breach of any of these Terms, User's permission to use SoulCycle's material will automatically terminate and any copies made of SoulCycle's material must be immediately destroyed.

Any unauthorized use of SoulCycle's material may violate state and federal criminal laws, infringe copyright laws, trademark laws, the laws of privacy or publicity, and communication regulations and statutes.

## Warranty Disclaimer and Limitation of Liability

In no event will SoulCycle be liable for any direct, indirect, special, or other consequential damages resulting from your use of the Website, the App, or on any other linked/third-party website, including without limitation, any lost profits, business interruption, loss of programs, or other data on your information handling systems or otherwise, including any claims waived by you previously in this agreement even if SoulCycle expressly advised of the possibility of such damage.

8/8/2016                                       Legal

All information is provided by SoulCycle on an "as is" basis only. SoulCycle provides no representations and warranties, express or implied, including the implied warranties of fitness for a particular purpose, merchantability, and non-infringement.

## Choice of Law

The Website, App, and your use hereof, is governed by the laws of the State of New York, without regard to New York's choice of law provisions. Any claim arising out of your use of this Website or App must be brought in New York.

## Policy Changes

Occasional changes may be made to this document as new services and content are added to the Website or App to reflect changes in SoulCycle's policies. The Terms and Conditions may be revised at any time by updating this posting. By using the Website or App, you agree to be bound by any such revisions. Users of the Website and App are encouraged to check this document periodically to stay informed of current privacy guidelines.

## Acceptance of Terms

By using the Website or App, you signify your acceptance of the Terms and Conditions. If you do not agree to this, please refrain from using the Website or App. Your continued use of the Website or App following the posting of changes to these terms will indicate your acceptance of those changes.

our story

faq

8/8/2016

Legal

careers

press

philanthropy

gift card balance

terms

contact us

Copyright © 2016 SoulCycle

EXHIBIT "B"

---------- Forwarded message ----------
From: **SoulCycle** <noreply@mg.soul-cycle.com>
Date: Tue, Jul 5, 2016 at 8:39 PM
Subject: SoulCycle Receipt: Order #13468903
To: Markoc73@gmail.com

# SOULCYCLE

### Rider Receipt

1

Order # 13468903
Rider: Marko Cavka
Order Date: Jul 06, 2016
Employee: -
Order Location: Web Store

## Order Items

| Style | Size | Qty | Price | Extended |
|-------|------|-----|-------|----------|
| Soul 30 | 1 | 1 | $ 30.00 | $ 30.00 |

|  |  |
|--|--|
| Subtotal | $ 30.00 |
| Shipping | $ 0.00 |
| Taxes | $ 0.00 |
| Order Total | $ 30.00 |

## Payment Methods:

Credit Card: VISA (6127) $30.00

## RETAIL RETURN POLICY

- *We're sorry, at this time we can not do returns or exchanges.
- *Questions or concerns regarding your SoulCycle series purchase? Please contact a studio

EXHIBIT "C"

6205333.1

# SOULCYCLE
## NEW RIDER WAIVER FORM

Name:_____ Date of Birth (<18)_____

Address:_____ City/State:_____

Zip:_____ Primary Phone Number:_____ How did you hear about SoulCycle?_____

*Email/Login:_____

*YOUR SOULCYCLE ACCOUNT Password:_____*needed to access your account online

EMERGENCY CONTACT:_____ PHONE NUMBER:_____

### ASSUMPTION OF RISK, WAIVER, AND RELEASE

By signing up for and/or attending classes, events, activities, and other programs and using the premises, facilities and equipment, or any other location or venue where SoulCycle is providing services (individually and/or collectively, the "Classes and Facilities") of SoulCycle Inc. and its subsidiaries (collectively, "SoulCycle"), I hereby acknowledge on behalf of myself, my heirs, personal representatives and/or assigns, that there are certain inherent risks and dangers in indoor cycling and exercise equipment in association with the Classes and Facilities. I acknowledge that some of these risks cannot be eliminated regardless of the care taken to avoid injuries. I also acknowledge that the specific risks vary from one activity to another, but range from (1) minor injuries such as scratches, bruises, and sprains; (2) major injuries such as eye injury or loss of sight, joint or back injuries, heart attacks, and concussions; and (3) catastrophic injuries including paralysis and death. I have read and thoroughly understand the SoulCycle Bike Safety Instructions that are posted on SoulCycle's website (www.soul-cycle.com), a hard copy of which was also provided to me by SoulCycle staff. At all times, I shall comply with all stated and customary terms, posted safety signs, rules, and verbal instructions given to me by staff. If in the subjective opinion of the SoulCycle staff, I would be at physical risk participating in SoulCycle's Classes, I understand and agree that I may be denied access to the Classes and Facilities until I furnish SoulCycle with an opinion letter from my medical doctor, at my sole cost and expense, specifically addressing SoulCycle's concerns and stating that SoulCycle's concerns are unfounded. In consideration of being allowed to participate in and access the Classes and Facilities, I hereby (1) agree to assume full responsibility for any and all injuries or damage which are sustained or aggravated by me in relation to the Classes and Facilities, (2) release, indemnify, and hold harmless SoulCycle, its direct and indirect parent, subsidiary affiliate entities, and each of their respective officers, directors, members, employees, representatives and agents, and each of their respective successors and assigns and all others, from any and all responsibility, claims, actions, suits, procedures, costs, expenses, damages, and liabilities to the fullest extent allowed by law arising out of or in any way related to participation in the Classes or use of the Facilities, and (3) represent that I (a) have no medical or physical condition that would prevent me from properly using any of SoulCycle's Classes and Facilities, (b) do not have a physical or mental condition that would put me in any physical or medical danger, and (c) have not been instructed by a physician to not participate in physical exercise. I acknowledge that if I have any chronic disabilities or conditions, I am at risk in using SoulCycle's Classes and Facilities, and should not be participating in any Classes.

I have read this Assumption of Risk, Waiver, and Release Agreement, fully understand its terms, and understand that I am giving up substantial rights including my right to sue SoulCycle under certain circumstances. I acknowledge that I am signing this waiver freely and voluntarily. The term of this waiver is indefinite.

VALUABLES AND PERSONAL PROPERTY: I acknowledge that I have been urged to avoid bringing valuables onto the Facilities and that SoulCycle shall not be liable for the loss of, theft of, or damage to my personal property, including items left in lockers, bathrooms, studios, or anywhere else in the Facilities. I acknowledge that no portion of any fees paid by me is in consideration for the safeguarding of valuables.

ETIQUETTE: To preserve the SoulCycle sanctuary, I agree to abide by SoulCycle's etiquette guidelines found on SoulCycle studio walls and on SoulCycle's website (www.soul-cycle.com). SoulCycle reserves the right to deny access to any person SoulCycle deems to be acting in an inappropriate or unsafe manner.

New Rider Signature:_____ Date:_____

**PROOF OF SERVICE**

*Marko Cavka v. Soulcycle, Inc.*
USDC - Central District – Southern Division Case No. 8:16-cv-01821 JLS (KESx)

STATE OF CALIFORNIA                )
                                                        )  ss.
COUNTY OF ORANGE              )

I, <u>Nykki DeSoto</u>, hereby certify that:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 895 Dove Street, Fifth Floor, Newport Beach, CA 92660. On February 17, 2017, I served a copy of the within document(s):

**SECOND AMENDED CLASS ACTION COMPLAINT FOR: (1) VIOLATION OF CALIFORNIA CIVIL CODE §§ 1812.80 ET SEQ. (2) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 ET SEQ.; JURY TRIAL DEMAND**

☐ (VIA OVERNIGHT) by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS OVERNITE agent for delivery.

☒ (VIA CM/ECF SYSTEM – NOTICE OF ELECTRONIC FILING "NEF") I certify that on the date referenced above, I electronically transmitted the document(s) listed for submission to the United States District Court Central District, using the ECF registrants/recipients registered with the United States District Court Central District at the e-mail address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

***Please see attached service list.***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am a member of the bar of this court at whose direction the service was made. Executed on February 17, 2017, at Newport Beach, California.

*/s/ Nykki DeSoto*
Nykki DeSoto

NEWMEYER & DILLION LLP

6366178.1

PROOF OF SERVICE

# SERVICE LIST

*Marko Cavka v. Soulcycle, Inc.*
USDC - Central District – Southern Division Case No. 8:16-cv-01821 JLS (KESx)

1

2  Shirli F. Weiss, Esq.                      Tel:  (619) 699-2700
   Katherine J. Page, Esq.                    Fax:  (619) 699-2701
3  DLA PIPER LLP (US)                         Shirli.weiss@dlapiper.com
   401 B Street, Suite 1700                   Katherine.page@dlapiper.com
   San Diego, CA 92101-4297                   **[SOULCYCLE, INC.]**
4

5  Keara M. Gordon, Esq.                      Tel:  (212) 335-4500
   (pro hac vice application to be filed)     Fax:  (212) 335-4501
6  Colleen Carey Gulliver, Esq.              Keara.gordon@dlapiper.com
   (pro hac vice application to be filed)     Colleen.gulliver@dlapiper.com
7  DLA PIPER LLP (US)                         **[CO-COUNSEL FOR**
   1251 Avenue of the Americas                **SOULCYCLE, INC.]**
8  New York, NY 10020-1104

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEWMEYER & DILLION LLP

6366178.1                                - 2 -

SERVICE LIST