UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1821-JLS-KESx                                         Date: June 7, 2017
Title:  Marko Cavka v. SoulCycle, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                                                     N/A
    Deputy Clerk                                                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

       Not Present                                    Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING DEFENDANT'S
MOTION TO DISMISS SECOND AMENDED CLASS
ACTION COMPLAINT (Doc. 44)**

     Before the Court is Defendant SoulCycle's Motion to Dismiss Second Amended Class Action Complaint. (Mot., Doc. 44.)  Plaintiff Marko Cavka filed an Opposition, and SoulCycle submitted a Reply.  (Opp'n, Doc. 45; Reply, Doc. 48.)  Having taken the matter under submission and considered the parties' briefs, the Court DENIES SoulCycle's Motion.

## I.    BACKGROUND

     On August 26, 2016, Marko Cavka filed this putative class action against SoulCycle in Orange County Superior Court, alleging that SoulCycle's sales practices violate numerous provisions of California's Health Studio Services Contract Law ("HSSCL").  (Compl., Doc. 1-1.)  On September 30, 2016, SoulCycle removed this suit to federal court.  (Notice of Removal, Doc. 1.)  Cavka then filed a First Amended Complaint on November 14, 2016, (FAC, Doc. 27), which SoulCycle moved to dismiss. (MTD, Doc. 33.)  The Court granted SoulCycle's motion, giving Cavka leave to amend his complaint consistent with the Court's order.  (MTD Order, Doc. 39.)  Cavka thereafter filed a Second Amended Complaint, (SAC, Doc. 40), and SoulCycle again moves to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:16-cv-1821-JLS-KESx                        Date: June 7, 2017
Title: Marko Cavka v. SoulCycle, Inc.

       In his SAC, Cavka asserts that when he purchased his SoulCycle spinning class he was not provided with a complete copy of the contract. (SAC ¶ 22.) Instead, the only documents he received were SoulCycle's "Terms and Conditions" click-wrap agreement and the "Rider Receipt." (*Id.*; SAC, Ex. A, "Terms and Conditions," Doc. 40; SAC, Ex. B, "Rider Receipt," Doc. 40.) The "Terms and Conditions" agreement governs only customers' "use of the SoulCycle Website . . . and the SoulCycle Mobile Application," and the Rider Receipt is nothing more than a simple email confirmation. Further contravening the HSSCL, SoulCycle purportedly does not disclose above the signature line on any of its agreements the duration of the contract. (SAC ¶ 18(b) (quoting Cal. Civ. Code § 1812.84(b).) SoulCycle also does not include a HSSCL-mandated provision in its agreements allowing customers, upon their death or disability, to avoid their contractual obligations and seek a pro rata refund. (*Id.* ¶ 18(e) (quoting Cal. Civ. Code § 1812.89).) In addition, neither the Terms and Conditions agreement nor the Rider Receipt include the requisite disclosure informing consumers of their right to cancel the agreement within five business days, and the Rider Receipt actually states that "at this time we can not do returns or exchanges." (Rider Receipt at 2.) Cavka contends that, as a result of these statutory violations, every SoulCycle customer agreement in California is "void and unenforceable" under the HSSCL. (SAC ¶ 19 (quoting Cal. Civ. Code § 1812.91).)

       Cavka alleges that these statutory violations resulted in him paying more for the indoor cycling class contract than it was actually worth. (*Id.* ¶ 25.) Moreover, Cavka alleges that he suffered additional harm when, due to unforeseen conflicts with his schedule, he failed to reserve a class within the term designated under the contract and forfeited his payment to SoulCycle. (*Id.* ¶ 26.) Had SoulCycle included the required disclosures in the contract, Cavka alleges he would have exercised his statutory rights, timely cancelled the contract, and avoided forfeiting his payment. (*Id.*) Cavka alleges that he was frustrated, annoyed, and anxious because he believed he was not able to cancel the contract to avoid forfeiting his payment. (*Id.*)

       If SoulCycle modifies its contracting process to comply with the law, Cavka alleges that he would be willing to enter into an agreement with SoulCycle for future indoor cycling classes. (*Id.* ¶ 27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1821-JLS-KESx                              Date: June 7, 2017
Title:  Marko Cavka v. SoulCycle, Inc.

Based on these allegations, Cavka asserts claims under both the HSSCL, Cal. Civ. Code §§ 1812.80 *et seq.*, and the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*  (SAC ¶¶ 37–54.)

## II.     LEGAL STANDARD

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).  When considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  "The party asserting [] subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  A court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1821-JLS-KESx                                    Date: June 7, 2017
Title:  Marko Cavka v. SoulCycle, Inc.

## III.    DISCUSSION

     This Court granted SoulCycle's earlier motion to dismiss on the grounds that Cavka (1) failed to establish Article III standing for injunctive relief; and (2) failed to establish that SoulCycle's alleged statutory violations caused him actual harm.  (MTD Order at 7–8.)  Cavka has now amended his complaint to cure these deficiencies.  (SAC ¶¶ 25–27.)

     With respect to Article III standing for injunctive relief, Cavka alleges that he would be willing to enter into an agreement with SoulCycle for future indoor cycling classes if SoulCycle were to comply with the HSSCL.  (*Id.* ¶ 27.)  In other words, Cavka would be willing to enter into an agreement with SoulCycle but cannot currently do so because of SoulCycle's violations of the HSSCL.  This is sufficient to establish Article III standing for injunctive relief at the pleadings stage.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice [to establish standing], for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'").  This is not "circular logic" as SoulCycle suggests.  (Reply at 18.)  Just because Cavka has now become aware of some of his rights under the HSSCL does not mean that SoulCycle's continuing violation of the HSSCL cannot harm him.  On the contrary, Cavka's knowledge of SoulCycle's violation is a continuing deterrent to him entering into a contract with SoulCycle for indoor cycling classes—classes that he purchased, presumably, because he wanted to take indoor cycling classes from SoulCycle.  Absent injunctive relief, Cavka lacks assurance that any future contract he enters into with SoulCycle complies with the law.  *Cf. Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *3–5 (N.D. Cal. Mar. 18, 2015) (holding that the plaintiff had standing to seek injunctive relief because "unless the manufacturer or seller has been enjoined from making the same misrepresentation, [the plaintiff] won't know whether the label is accurate").  Therefore, the Court finds Cavka's allegations sufficient to establish Article III standing for injunctive relief.

     Cavka has also adequately pleaded actual injury that was caused by SoulCycle's failure to comply with the requirements of the HSSCL.  Cavka alleges that he was unable to reserve a class at a SoulCycle studio within the time period for doing so due to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:16-cv-1821-JLS-KESx                                         Date: June 7, 2017

Title:  Marko Cavka v. SoulCycle, Inc.

unforeseen conflicts with his schedule.  (SAC ¶ 26.)  The HSSCL provides, in relevant part, that every contract for health studio services shall "contain on its face, and in close proximity to the space reserved for the signature of the buyer, a conspicuous statement" that the buyer "may cancel the agreement at any time prior to midnight of the fifth business day of the health studio after the date of th[e] agreement."  Cal. Civ. Code § 1812.85(b)(1) (West 2016).  Had SoulCycle complied with this statutory requirement, Cavka alleges that he would have exercised his right to cancel and thereby avoided forfeiting his contract payment.  (SAC ¶ 26.)  Instead, Cavka failed to exercise that right and lost $30.  (*See id.* ¶¶ 21, 26.)

　　SoulCycle's arguments as to why Cavka's allegations are insufficient are unavailing.  Nowhere in the Terms and Conditions, the Rider Receipt, or any other document Cavka alleges he received does SoulCycle inform Cavka of his ability to cancel his contract and recover his payment.  If anything, the "Retail Return Policy" in the Rider Receipt suggests that Cavka cannot recover his payment by cancelling his contract.  (*See* Rider Receipt.)  SoulCycle's argument that it disclosed the statutory right to cancel in its FAQs does not negate Cavka's allegation of actual harm where, on the face of the complaint, Cavka never read the FAQs and they were not brought to his attention during the contracting process.  As for Cavka's failure to expressly plead that the unforeseen circumstances arose within five business days of his purchasing the class, the Court finds such specificity unnecessary.  Given that Cavka alleges he would have exercised his statutory right to cancel had it been disclosed to him, the reasonable inference is that the "unforeseen conflicts" arose within five days of his purchase.  Moreover, there is no legal requirement that, in order to show injury, Cavka must first ask SoulCycle to cancel the contract and be refused, particularly where Cavka's central allegation is SoulCycle's failure to provide sufficient notice of his cancellation rights.

　　The Court therefore concludes that Cavka has adequately pleaded a claim for violation of the HSSCL.  Because Cavka has adequately pleaded his HSSCL claim, his claim for unlawful business practices under the UCL is adequately pleaded as well.  *See Blank v. Kirwan*, 39 Cal. 3d 311, 329 (1985) ("An unlawful business activity includes anything that can properly be called a business practice and that at the same time is forbidden by law." (citation and internal quotation marks omitted)).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:16-cv-1821-JLS-KESx | Date: June 7, 2017 |
| Title: Marko Cavka v. SoulCycle, Inc. | |

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES SoulCycle's Motion to Dismiss.

Initials of Preparer: tg

___