UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:16-cv-01821-JLS-KES                                        Date: January 25, 2018
Title: Marko Cavka, et al. v. SoulCycle Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING JOINT MOTION FOR PRELIMINARY APPROVAL (Doc. 79)**

    Before the Court is a jointly filed Motion for Preliminary Approval of Class Action Settlement. The settlement offers no monetary compensation to the class, and its injunctive relief arguably is of no benefit to many of those included in the class definition. It does, however, provide for substantial attorneys' fees to class counsel via a clear sailing provision. In short, the settlement contains all of the hallmarks of collusion, and the Court DENIES the Motion.

**I.   BACKGROUND**

    **A.  Procedural Background**

    On August 26, 2016, Plaintiff Marko Cavka, on behalf of himself and all others similarly situated, filed the instant lawsuit against Defendant SoulCycle, Inc. (Ex. A to Notice of Removal, "Compl.," Doc. 1-1.) On September 30, 2016, SoulCycle removed the case to this Court. (Notice of Removal, Doc. 1.) On November 14, 2016, Cavka filed his First Amended Complaint. (FAC, Doc. 27.) SoulCycle filed a motion to dismiss, (Doc. 33.), which the Court granted in part and denied in part (Doc. 39.)
    Thereafter, on February 17, 2017, Cavka filed a Second Amended Complaint ("SAC"). (SAC, Doc. 40.) In his SAC, Cavka alleges that SoulCycle is a "health studio"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-01821-JLS-KES                                    Date: January 25, 2018
Title: Marko Cavka, et al. v. SoulCycle Inc.

that enters into contracts with its customers for "health studio services," as defined by California's Health Studio Services Contract Law, Cal. Civ. Code § 1812.80, *et seq.* (SAC ¶ 9.) As the parties describe it in the instant Motion, SoulCycle "is not a traditional gym that offers memberships; rather, … it offers its customers (called "riders") the opportunity to buy one Class at a time, or a series of 5, 10, or more Classes without the need to enter into any long-term membership contract." (Mem. at 1, Doc. 79.) Cavka alleges that SoulCycle offers these short-term contracts to California and nationwide customers. (SAC ¶ 9.) Customers enter into these contracts online through SoulCycle's website. (*Id.* ¶ 10.) A customer chooses the number of classes permitted under the contract and the corresponding contract price, which ranges from $20 to $4,000 depending on the number of classes selected. (*Id.* ¶ 10–11.) The term of the contract also varies according to the number of classes selected. For example, a single class contract expires in 30 days, whereas a five class contract expires in 45 days. (*Id.* ¶ 11.) After the customer has entered payment information for the contract, he or she is required to check a box that acknowledges acceptance of the "terms and conditions" of the contract. (*Id.* ¶ 13.) After accepting the terms and conditions, the customer is sent a confirmation email, called a "Rider Receipt," which identifies the number of classes permitted under the contract. (*Id.* ¶ 14.) Cavka alleges that the Rider Receipt states, "We're sorry, at this time we cannot do returns or exchanges," "Exchanges/store credit only," "No refunds," and/or "Honored within 30 days of purchase." (*Id.*) Cavka alleges that the terms and conditions and the Rider Receipt make up the complete contract between SoulCycle and its customers. (*Id.* ¶ 15.)

Cavka alleges that SoulCycle failed to provide a complete written copy of the contract to its customers; that SoulCycle's contracts do not adequately disclose the length of the term of the contract, the right to cancel the contract, or the right to a refund in cases of death or disability; and that SoulCycle's liability waivers are unenforceable as against public policy. (*Id.* ¶¶ 18(a)–(e).) Based on these allegations, Cavka brought claims for violations of (1) California's Health Studio Services Contract Law, §§ 1812.80 *et seq.*; and (2) California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:16-cv-01821-JLS-KES                                          Date: January 25, 2018
Title:  Marko Cavka, et al. v. SoulCycle Inc.

(SAC ¶¶ 37–54.)  SoulCycle filed a motion to dismiss the SAC, (Doc. 44), which the Court denied on June 7, 2017, (Doc. 52).

While this litigation was progressing, an individual named Rachel Cody had filed a separate action, also in the Central District, (the "*Cody* action") against SoulCycle related to its contracts, alleging violations of California's Gift Card Statute and California's Unfair Competition Law.  (Mem. at 6–7, Doc. 79.)  On June 22, 2017, Judge Fitzgerald approved a settlement that provided riders whose classes had expired unused within the relevant periods an election of (1) a reinstated class, up to two classes, or (2) $25 per expired class, up to a limit of $50.  (*See* Ex. 2 to Weiss Decl., "Order Granting MFA in *Cody*," at 2–3, Doc. 79-4.)  In return, the *Cody* class released all claims arising from a purchase of a class that went unused during the relevant period.  (*Id.*)  The settlement period extended to (1) nationwide customers who purchased a class that expired unused during the period from August 25, 2015 to February 10, 2017, and (2) California customers who purchased a SoulCycle class that expired unused during the period from February 1, 2012, to February 10, 2017.  (*Id.* at 3.)  On October 3, 2017, final approval of the *Cody* settlement was granted.  (*Id.* at 1.)

In August 2017, Plaintiff Lori Kilgannon filed yet another action against SoulCycle based on its contracts.  Kilgannon filed a complaint in the Southern District of New York, alleging that SoulCycle had violated New York's Health Club Services Law, N.Y. Gen. Bus. Law §§ 620, *et seq.*  (*See* Ex. 4 to Weiss Decl., "*Kilgannon* Compl.," Doc. 79-6.)  On September 26, 2017, Kilgannon and SoulCycle attended a mediation, in which Kilgannon agreed to dismiss her complaint in New York and to assert her claims in the instant action because they were based on the same factual allegations.  (Mem. at 9.)  On October 5, 2017, Kilgannon filed a Notice of Voluntary Dismissal of Class Action without prejudice. (Ex. 6 to Weiss Decl., Doc. 79-8.)

On November 16, 2017, Cavka and Kilgannon filed a Third Amended Complaint ("TAC").  (TAC, Doc. 75.)  The factual allegations in the TAC are substantially the same as the factual allegations in the SAC, except that the TAC now includes claims under New York law.  Specifically, the TAC asserts claims for violations of (1) California's Health Studio Services Contract Law, §§ 1812.80 *et seq.*; (2) California's Unfair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:16-cv-01821-JLS-KES | Date: January 25, 2018 |
| Title:  Marko Cavka, et al. v. SoulCycle Inc. | |

Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*.; (3) New York's Health Club Services Law, N.Y. Gen Bus. Law §§ 620, *et seq.*; and (4) New York's Unfair Competition Law, N.Y. Gen. Bus. Law § 349.  (*Id.* ¶¶ 73–109.)

### B. Settlement Agreement

The parties have reached a Settlement Agreement, (Ex. 7 to Weiss Decl., "Agreement," Doc. 79- 9), the terms of which are as follows:

The Settlement Class is defined as "all persons who provided SoulCycle with a New York address who purchased a SoulCycle Class or Classes within the period commencing on August 18, 2011, up through and including the date on which the Court grants preliminary approval of this Settlement Agreement, and all persons who provided SoulCycle with a California address who purchased a SoulCycle Class or Classes within the period commencing on August 12, 2012, up through and including the date on which the Court grants preliminary approval of this Settlement Agreement."  (*Id.* § II.27.)

The Settlement Class will not receive any monetary consideration.  Instead, SoulCycle will provide "meaningful and important enhanced disclosures" regarding customers' rights under the contracts.  (Mem. at 10.)  These include: adding language to the terms and conditions that clarify riders' cancellation rights; requiring riders to view the terms and conditions to affirmatively assent to the contract; revising its Rider Receipt to remind riders that their purchases are governed by the terms and conditions; revising the Rider Receipt to clarify the return policy; adding an expiration date to the Rider Receipt; adding the expiration date of classes listed on its website in 14-point font; and revising its waiver form.  (Agreement § IV.)  In exchange, the Settlement Class will release all claims and causes of action that have been or could have been brought against SoulCycle in this litigation or any other actions.  (*Id.* § II.23.)

The Settlement Agreement also provides that SoulCycle will not oppose a motion for attorneys' fees not to exceed $350,000 and a motion for class representative enhancement not to exceed $5,000 per representative.  (*Id.* § IX.1, IX.6.)  Further, "the amounts awarded by the Court in attorneys' fees, expenses, and costs shall be the sole aggregate compensation paid by SoulCycle."  (*Id.* § IX.5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-01821-JLS-KES                          Date: January 25, 2018
Title: Marko Cavka, et al. v. SoulCycle Inc.

On December 1, 2017, the parties filed the instant Motion seeking the Court's preliminary approval of the Settlement Agreement.

## II.   <u>LEGAL STANDARD</u>

Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of all class action settlements, which may be granted only after a determination that the settlement, taken as a whole, is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(2). A proposed settlement may be preliminarily approved if it "[1] appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).[1]

Where the settlement agreement is negotiated prior to formal class certification, courts must be "particularly vigilant" for signs of collusion because, at this stage of the litigation, there is an even "greater potential for breach of fiduciary duty owed to the class during settlement." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Accordingly, "such agreements must withstand an even higher level of scrutiny for evidence of collusion." *Id.* The Ninth Circuit has identified three "subtle signs" of collusion:

---

[1] The Ninth Circuit has identified eight factors that courts should consider in evaluating whether a class action settlement satisfies this standard. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). These factors include: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *Id.* However, because the Court finds that the proposed Settlement Agreement does not withstand the higher level of scrutiny required for settlements that occur prior to class certification, the Court does not analyze these factors here.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-01821-JLS-KES                              Date: January 25, 2018
Title: Marko Cavka, et al. v. SoulCycle Inc.

___

(1) when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded;

(2) when the parties negotiate a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, which carries the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class; and

(3) when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund.

*Id.* at 947 (internal quotation marks and citations omitted).

## III.   ANALYSIS

The Court finds that all three signs of collusion are present in the instant Settlement Agreement.  *See In re Bluetooth*, 654 F.3d at 947.

First, the Settlement Class is to receive no monetary consideration. (*See* Agreement § IV.)  Second, counsel may petition for an award of attorneys' fees not to exceed $350,000 (Agreement § IX.1); because there is no monetary consideration being paid to the Class, this constitutes an implicit "clear sailing" provision.  *See Brown v. 22nd Dist. Agric. Ass'n*, No. 15-CV-2578-DHB, 2017 WL 2172239, at *11 (S.D. Cal. May 17, 2017) (finding an implicit "clear sailing" provision on substantially similar language). Third, fees not awarded to counsel will revert to SoulCycle rather than accruing to the benefit of the Settlement Class. (Agreement § IX.5, providing that "[t]he amounts awarded by the Court in attorneys' fees, expenses, and costs shall be the sole aggregate compensation paid by SoulCycle.")  *See Salgado v. Land O'Lakes, Inc.*, No. 1:13-CV-798-LJO-SMS, 2015 WL 7352451, at *5 (E.D. Cal. Nov. 19, 2015), *report and*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:16-cv-01821-JLS-KES                                     Date: January 25, 2018
Title: Marko Cavka, et al. v. SoulCycle Inc.

*recommendation adopted*, No. 1:13-CV-798-LJO-SMS, 2015 WL 9489700 (E.D. Cal. Dec. 30, 2015) (finding an implicit reverter where the defendants would not distribute any amount to the class).

      In addition to the presence of collusion, the Settlement Agreement suffers from "obvious deficiencies" that take it out of the "range of possible approval." *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079. Specifically, the Court is not convinced that SoulCycle's "meaningful and important enhanced disclosures" (*see* Mem. at 10) provide any benefit to any class members. These disclosures would affect only individuals who have an ongoing relationship with SoulCycle; given that SoulCycle specifically distinguishes itself from its competitors by eschewing "long-term" membership commitments, (*id.* at 1), these purported "benefits" neither target the Settlement Class nor provide "reasonable certainty that any class member will be benefitted by the award." *Hofmann v. Dutch LLC*, No. 314CV02418GPCJLB, 2017 WL 840646, at *8 (S.D. Cal. Mar. 2, 2017).

      Moreover, the risks of continued litigation that the parties spend eleven pages identifying do not amount to a compelling reason for the Court to approve such a patently unfair settlement.[2] (*See* Mem. at 26.) Class members are being asked to release claims against SoulCycle extending from 2011 to 2017 and are receiving no benefit in exchange. While the parties are correct that continued litigation poses the risk that "the Settlement Class would potentially get nothing," (*see* Mem. at 21), that is a risk worth taking where the Settlement provides nothing anyway.

---

[2] The Court notes that the parties' argument that all the claims of the Settlement Class may have been released by the *Cody* settlement is incorrect as a matter of fact. (*See* Mem. at 21.) The instant Class Period extends beyond the settlement period in *Cody*. As discussed above, the *Cody* settlement class includes nationwide customers who purchased classes between August 2015 and February 2017, and California customers who purchased classes between February 2012 and February 2017. ("Order Granting MFA in *Cody*," at 3.) The instant Class Period includes New York customers who purchased classes beginning in August 2011, and California customers who purchased classes beginning in August 2012, and runs through the date of preliminary approval. (Settlement Agreement § II.27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:16-cv-01821-JLS-KES | Date: January 25, 2018 |
| Title: Marko Cavka, et al. v. SoulCycle Inc. | |

The Settlement Agreement that the parties have put before the Court has every hallmark of collusion, is obviously deficient, and grants preferential treatment to the attorneys and class representatives; it is therefore entirely outside of the range of possible approval. *See In re Tableware*, 484 F. Supp. 2d at 1079.

## IV.   CONCLUSION

For the reasons stated above, the Court DENIES the parties' Motion. In light of the parties' request at the hearing on this matter, the Court grants the parties sixty (60) days from the date of this Order to file a new motion. However, given the strong signs of collusion that are apparent from the terms of the present Settlement, the Court is concerned that class counsel has "allowed pursuit of their own self-interests . . . to infect the negotiations." *In re Bluetooth*, 654 F.3d at 947. This will be a factor in any future determination by this Court as to whether counsel are adequate to represent the class, and the Court cannot guarantee that counsel can overcome the taint of this proposed settlement through any additional terms or argument.

Initials of Preparer: tg